Ray F. ALBANO, Plaintiff–Appellant,

v.

SCHERING–PLOUGH CORPORATION; Plough, Inc.; Plough Sales Corporation, Defendants–Appellees.

No. 89–35768.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 1990.

Decided Aug. 30, 1990.

---

Sidney J. Strong, Strong & Kydd, Seattle, Wash., for plaintiff-appellant.

Frederick J. Lewis, McKnight, Hudson, Lewis, Henderson & Clark, John R. Stewart, Plough, Inc., Memphis, Tenn., for defendants-appellees.

Before HUG, NELSON and BRUNETTI, Circuit Judges.

HUG, Circuit Judge:

Ray Albano appeals the district court's entry of summary judgment on his age discrimination claim against his former employer, Schering–Plough Corp., Plough, Inc. and Plough Sales Corporation ("Plough").

This case involves the requirement that before filing an action for age discrimination a charge must first be brought before the Equal Employment Opportunity Commission ("EEOC"). The specific claims involved in the court action ordinarily must also have been brought in the EEOC charge. Albano filed a charge with the

EEOC alleging age discrimination in promotion and sought to amend it to allege age discrimination resulting in his constructive discharge. The EEOC did not allow him to amend. In this case, we hold that the requirement that the specific claim be presented in the EEOC charge does not preclude establishing the claim in federal court when the failure to amend the charge to reflect a new claim is due to the fault of the EEOC. A second issue raised in this appeal is the interpretation of the Age Discrimination Claims Assistance Act of 1988, which extends the statute of limitations for filing age discrimination claims when the EEOC has caused the delay in filing. We hold the Act applies in this case and, thus, that the filing of the complaint was timely. We therefore reverse the summary judgment.

## I.

It is undisputed that Albano worked for Plough from 1973 through March 1, 1985, in its sales division. Two weeks before Albano left his job with Plough, on February 15, 1985, Albano filed an age discrimination charge with the EEOC. The charge alleged discrimination for failure to promote. The EEOC file has been destroyed and, thus, the only evidence before the district court as to Albano's dealings with the EEOC is Albano's testimony. Albano's affidavit reveals the following facts. After Albano filed his original charge, he had no less than fourteen conversations with the EEOC. On at least three of these occasions, Albano told the EEOC officer that Plough's harassment was forcing him, and ultimately did force him, to leave his job. When Albano asked the EEOC to amend his charge to include a claim for constructive discharge, the EEOC did not allow him to do so and Albano was assured that his original charge for failure to promote encompassed this claim. The EEOC then told Albano it was not going to pursue his charge and that it was too late to file suit.

Approximately four years later, on January 23, 1989, Albano filed a complaint in federal court alleging, among other claims, age discrimination that resulted in his constructive discharge from his employment. The district court granted Plough's motion for summary judgment on Albano's constructive discharge claim, and the parties stipulated to dismissal of the remainder of Albano's claims with prejudice.

The issue before us is whether the district court properly granted Plough's motion for summary judgment on Albano's constructive discharge claim because the scope of Albano's civil complaint exceeded the scope of his EEOC charge or, alternatively, because Albano's claim is barred by the statute of limitations. We review a grant of summary judgment *de novo*. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 629–30 (9th Cir.1987).

## II.

The filing of an EEOC charge is a prerequisite to bringing a civil action under the Age Discrimination Employment Act ("ADEA"). 29 U.S.C. § 626(d) (1988). The scope of a civil action alleging age discrimination is limited by the charge filed with the EEOC (the "scope requirement"). *Limongelli v. Postmaster General*, 707 F.2d 368, 373 (9th Cir.1983). Claims regarding incidents not listed in an EEOC charge may nevertheless be asserted in a civil action if they are "like or reasonably related to the allegations of the EEOC charge." *Id.* (citation omitted).

■ Here, it is undisputed that Albano's EEOC charge relates only to age discrimination in failure to promote. In comparison, Albano's civil complaint alleged age discrimination resulting in his constructive discharge. We have previously held that a constructive discharge claim is not like or reasonably related to a charge of discrimination in promotion. *Ong v. Cleland*, 642 F.2d 316, 320 (9th Cir.1981).[1]

Albano does not maintain that his constructive discharge claim was "like or rea-

---

1. This case, as well as a number of other cases cited in this opinion, are Title VII, not ADEA cases. However, we generally apply the same basic standards to both ADEA and Title VII cases. *Kauffman v. Sidereal Corp.*, 695 F.2d 343, 346 n. 1 (9th Cir.1982).

sonably related to" his EEOC charge of discrimination in promotion. Instead, Albano argues that his failure to include his claim for constructive discharge in his EEOC charge was due to his reliance on the EEOC's refusal to allow him to amend his charge and numerous assurances that his EEOC charge encompassed his constructive discharge claim. Albano therefore contends that equitable considerations should excuse his failure to amend his EEOC charge, resulting in a failure to exhaust administrative remedies. Plough counters that equitable considerations should not apply in these circumstances. Plough maintains that it had no notice that it would be sued for constructive discharge, and that it will suffer severe prejudice if Albano's claim is allowed to go forward.

■ For the reasons set forth below, we hold that equitable considerations may excuse a claimant's noncompliance with the scope requirement, and resulting failure to exhaust administrative remedies, when the EEOC improperly refuses to amend the claimant's timely EEOC charge. There is no dispute that Albano's charge was timely filed. 29 U.S.C. § 626(d) (1988); 29 C.F.R. § 1626.8(c) (1989).

It is well-settled that the failure to file an EEOC charge is not jurisdictional but is merely a condition precedent to suit. *Stache v. Int'l Union of Bricklayers and Allied Craftsmen*, 852 F.2d 1231, 1233 (9th Cir.1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 64, 107 L.Ed.2d 32 (1989). *See also Gibbs v. Pierce County Law Enforcement Agency*, 785 F.2d 1396, 1398–99 (9th Cir. 1986). A claimant's failure to amend his charge to include a new claim is essentially the same as a claimant's failure to file an EEOC charge for the new claim. Framed in this manner, it is clear that equitable considerations may generally apply to excuse a claimant's failure to amend his EEOC charge.

In holding that an EEOC charge must be like or reasonably related to the civil complaint, we have emphasized the role of the EEOC in facilitating the administrative process in employment discrimination cases. *See, e.g., Ong*, 642 F.2d at 320; *Brown v.*

*Puget Sound Elec. Apprenticeship v. Training Trust*, 732 F.2d 726, 730 (9th Cir.1984), *cert. denied,* 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 778 (1985). When, as here, a claimant repeatedly requests amendment of his charge, the collapse of the EEOC's conciliatory and investigatory function is due to the EEOC's own errors, not the claimant's.

Accordingly, the EEOC's failure to investigate a claimant's discrimination claim and to promote informal conciliation does not bar a claimant from bringing suit in federal court. *Waters v. Heublein, Inc.*, 547 F.2d 466, 468 (9th Cir.1976) (a "plaintiff is not barred from bringing suit by the EEOC's allegedly incomplete investigation or less than vigorous attempts at conciliation"), *cert. denied,* 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977). Thus, when the prime rationale behind the scope requirement (to encourage EEOC investigation and informal conciliation) is not promoted due to the agency's improper refusal to amend the EEOC charge, the inadequacy will not be charged to the claimant.

■ The EEOC's refusal to amend a timely EEOC charge is comparable to the EEOC's failure to investigate a charge and promote informal conciliation. Both amount to the EEOC's failure to follow its own rules. *See* 29 C.F.R. § 1626.8(c) (1989) ("[a] charge may be amended to clarify or amplify allegations made therein"); 29 C.F.R. § 1626.12 (1989) ("[u]pon receipt of a charge, the Commission shall promptly attempt to eliminate any alleged unlawful practice by informal methods …"). The agency's improper refusal to amend a charge, like an inadequate investigation, should not bar the claimant from bringing a civil suit. *See Waters*, 547 F.2d at 468; *See also Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 964 (3d Cir.1978).

Plough claims that equitable considerations should not apply in these circumstances because the purpose of the scope requirement is not served. Specifically, Plough maintains that it was not adequately notified that Albano would file a constructive discharge claim in federal court.

■ Plough's reliance on the notice function is misplaced. We view the EEOC charge primarily as an impetus to EEOC investigation and conciliation, not as a pleading giving notice to the employer. *See Ong*, 642 F.2d at 320; *Brown*, 732 F.2d at 730. Further, even recognizing the role of the EEOC charge in placing an employer on notice of the claims against it, the claimant is not responsible for the absence of notice in these circumstances. It is the EEOC, not the claimant, who is responsible for notifying the employer of the claims alleged in the EEOC charge. 29 U.S.C. § 626(d) (1988). Thus, the claimant should not be penalized because of the EEOC's own errors. *See Carter v. Smith Food King*, 765 F.2d 916, 924 (9th Cir.1985) ("claimant's right to pursue a civil action 'is not to be prejudiced' by the EEOC's failure to properly process a grievance after it has been filed") (citation omitted).

## III.

Having decided that equitable considerations generally apply when the scope of a civil complaint exceeds the EEOC charge due to the EEOC's improper refusal to amend a timely EEOC charge, we next decide whether the facts of this case warrant application of equitable considerations. We find that they do.

■ Albano's detailed declaration, outlining his efforts to have his charge amended, was undisputed by Plough. Albano had no less than fourteen conversations with the EEOC. On at least three occasions, the EEOC assured Albano that his charge encompassed his claim for constructive discharge and refused his efforts to amend. Under these facts, we hold that equitable considerations excuse Albano's failure to exhaust administrative remedies.

Plough argues that even if equitable considerations generally apply in these circumstances, the equities weigh in favor of Plough. Plough notes the present unavailability of witnesses, changed personnel, the loss of relevant records, as well as the increased potential for back pay if Albano is permitted to bring his constructive discharge claim.

While we are sympathetic to Plough's contentions, we nevertheless decline to find in favor of Plough and against Albano in these circumstances. Albano did all that could reasonably be expected to ensure that the EEOC was aware of his constructive discharge claim. The EEOC, not Albano, is to blame for Albano's failure to exhaust administrative remedies. An age discrimination plaintiff should not be prejudiced by the EEOC's failure to properly process a timely filed charge. *See Carter*, 765 F.2d at 924. *See also Williams v. Owens–Illinois, Inc.*, 665 F.2d 918, 923 n. 2 (9th Cir.), *cert. denied*, 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982). Moreover, a finding that the equities fall in favor of Plough, the employer, and against Albano, the age discrimination plaintiff, is contrary to the ADEA's remedial goals. *See* 29 U.S.C. § 621 (1988); *Naton v. Bank of California*, 649 F.2d 691, 696 (9th Cir. 1981) (noting the remedial purposes behind the ADEA).

## IV.

Plough contends that there is another barrier to Albano's civil action for constructive discharge. Plough argues that Albano's complaint is barred by the statute of limitations.

Actions under the ADEA must be commenced within two years after the cause of action accrued, or within three years if the violation is willful. 29 U.S.C. §§ 255(a), 626(e)(1) (1988). Albano filed the present action on January 23, 1989, approximately four years after he left his job with Plough. Thus, Albano's action is barred by the statute of limitations, unless it is saved by later congressional legislation. Albano maintains that his action is saved by the Age Discrimination Claims Assistance Act of 1988, 29 U.S.C. § 626 note (1988) ("the Claims Act").

The Claims Act extends the statute of limitations for bringing suit under the ADEA for persons who were jeopardized by the EEOC's delayed processing of their age discrimination complaints. Section 3 of the Claims Act permits a person to bring

an action in federal court 540 days after the date of the Act's enactment (April 7, 1988) if four conditions are met. Those conditions are:

1. A charge was timely filed with the EEOC;

2. The EEOC did not either eliminate the alleged unlawful practice by conciliation, conference, and persuasion or notify the claimant in writing of the disposition of the charge and the right of the person to bring a civil action on the charge;

3. The statute of limitations on the claim ran before the date of the enactment of the Claims Act; and

4. A civil action on the claim was not brought by the EEOC or the claimant before the running of the statute of limitations.

Albano contends that he never received a written notice from the EEOC informing him of the disposition in his case and his right to sue. He was simply told by the EEOC that it was too late to sue. This is uncontradicted in the record. The remaining conditions for application of the statute, as set forth in section 3 of the Claims Act, were also fulfilled. Albano's charge was timely; the charge was not eliminated by informal methods; the statute of limitations had expired; and neither Albano nor the EEOC brought a civil suit within the limitations period.

Plough does not argue that Albano failed to satisfy the conditions set forth in section 3 of the Claims Act. Instead, Plough contends that section 4 of the Act must be satisfied before the limitations period is extended under section 3. Section 4 requires the EEOC to notify the plaintiff within 60 days of the Claims Act's effective date of the plaintiff's expanded rights under the ADEA. Plough maintains that because Albano did not receive such a notice from the EEOC, he may not avail himself of the protections of the Claims Act.

■ The purpose of the Claims Assistance Act was to remedy a situation in which claimants had lost their rights to bring a civil action because the EEOC had failed to act or provide right-to-sue letters before the statute of limitations ran. The obvious purpose of the notice provision of section 4 of the Act is to notify the claimants of the applicability of this remedial section to them. If a claimant did file his complaint within the extended period, without the EEOC notifying him of this remedial act, the notice provision becomes superfluous. Section 4 is not meant to be a condition precedent to the application of the extension, but rather a means of notifying the claimant of his rights under the Claims Act. It would frustrate the will of Congress, in its attempt to remedy the harsh effects of the EEOC's inaction, by permitting further inaction by the EEOC to negate the provisions of the remedial act. *See Rottersman v. CBS Inc.,* 726 F.Supp. 484, 493 (S.D.N.Y.1989). Therefore, the fact that Albano did not receive a notice from the EEOC informing him of the Claims Act application to his case does not preclude its application. Albano filed his complaint within the prescribed 540 days after the enactment of the Claims Act, and the filing is therefore timely.

### V.

Albano's civil complaint is not foreclosed because of the lack of an amended charge before the EEOC and is not barred by the statute of limitations. The district court's summary judgment is therefore reversed. Albano's request for attorneys' fees is premature. *See Proctor v. Consolidated Freightways Corp. of Delaware,* 795 F.2d 1472, 1478–79 (9th Cir.1986) (denying attorneys' fees to plaintiff who secured reversal of the trial court's grant of summary judgment on her civil rights claim because the plaintiff only won the right to a trial).

REVERSED.