**In Cha CATLETT, Plaintiff,**

**v.**

**UNITED STATES POSTAL SERVICE, Defendant.**

No. 89–4035.

United States District Court, C.D. Illinois.

May 29, 1992.

Roxy M. Schumann, Davenport, Iowa, for plaintiff.

John P. Schmidt, Asst. U.S. Atty., Springfield, Ill., Deborah W. Carlson, Office of Field Legal Service, Chicago, Ill., for defendant.

## ORDER

McDADE, District Judge.

Before the Court is Defendant's Partial Motion to Dismiss or in the Alternative, for Summary Judgment [Doc. # 20, Part # 1]. For the foregoing reasons, Defendant's motion is granted.

## BACKGROUND

Plaintiff was a Part–Time Flexible (PTF) employee and trainee for the position of letter sorting machine (LSM) operator at the Rock Island, Illinois, Post Office. Plaintiff had experienced problems with LSM supervisor Rita Marks concerning her performance on the letter sorting machine during the month of September. On September 14, 1987, a meeting was held between Postmaster James Simoens, Rita Marks, Greg Blaser, APWU President, and Plaintiff and her husband at which time it was proposed that Plaintiff's performance on the letter sorting machine would be reviewed at the end of 30 days. On October 21, 1987, Plaintiff called an EEO counselor to request a meeting to review her record and to make sure that she was receiving equal keying time on the letter sorting machine as the other trainees. Plaintiff did not pursue this contact by filing a formal or informal complaint with the EEO at that time.

On March 4, 1988, Plaintiff was issued a Notice of Proposed Removal for failing to qualify as a LSM operator. On March 10, 1988, Plaintiff contacted an EEO counselor to complain that the proposed discharge was discriminatory based on her race and sex. In a May 10, 1988, interview, Plaintiff informed EEO counselor Eleanor Boston that she had originally contacted the EEO office on October 21, 1987, in connection with the review of her performance on the LSM by superiors. Based on the information provided to the Court, Plaintiff did not inform the EEO counselor that she believed that her discharge was in retaliation for her previous EEO contact at the time of the initial March 10, 1988, contact or during the informal investigation that ensued.

On April 5, 1988, Plaintiff's discharge became effective. Plaintiff continued to pursue her EEO remedies. On May 18, 1988, Plaintiff filed a formal complaint of discrimination, claiming that her discharge was discriminatory, based on her race and sex. Plaintiff has offered no evidence that she informed the EEO investigators that she believed that her discharge was in retaliation for her October 21, 1987, EEO contact. Plaintiff did not check the box labeled "Reprisal" on the complaint form, nor does her EEO Investigative Affidavit mention the October 1987 contact or anything to indicate that Plaintiff believed that her discharge was connected to the October

1987, EEO contact. The EEO investigation did not encompass a charge of retaliatory discharge.

Plaintiff then filed a civil action in this Court in which she alleged that her discharge was discriminatory on the basis of her race, Oriental, and was in retaliation for her October 21, 1987, EEO contact. Defendant has now moved to dismiss the claim of retaliatory discharge, or in the alternative, for summary judgment on that claim, on the grounds that Plaintiff failed to exhaust her administrative remedies with respect to that claim in that she did not present it to the Postal Service's EEO personnel.

## APPLICATION OF LAW

In Title VII actions, the scope of the administrative or agency charge limits the scope of the subsequent complaint. *Babrocky v. Jewel Food Co. & Retail Meatcutters*, 773 F.2d 857, 864 (7th Cir. 1985); *Rennie v. Garrett*, 896 F.2d 1057, 1062 (7th Cir.1990). Presenting a claim at the administrative or agency level is in the nature of a condition precedent with which a plaintiff must comply rather than a jurisdictional prerequisite to filing suit. *Id.*[1] Accordingly, Defendant's motion should be treated as one for partial summary judgment rather than for partial dismissal. *Babrocky*, 773 F.2d at 864.

Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1985). In essence, the inquiry on summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12. The Court must view all inferences to be drawn from the facts in a light most favorable to the opposing party. *Anderson*, 477 U.S. at 247–48, 106 S.Ct. at 2509–10.

Plaintiff may file a complaint in federal court encompassing all claims that are " 'like or reasonably related to the allegations of the charge and growing out of such allegations.' " *Babrocky*, 773 F.2d at 864 (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir.1976) (en banc), *cert. denied, Blue Cross Mut. Hosp. Ins., Inc. v. Jenkins*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976) (quoting *Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 162 (5th Cir.1971), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976))). Allegations not contained in the charge cannot be contained in the district court complaint because this would circumvent the governmental agency's investigatory or conciliatory role and deprive the charged party of notice of the claim. *See Babrocky*, 773 F.2d at 863. The charge, which is generally drafted by laypersons, is to be interpreted liberally to effectuate the remedial purposes of Title VII. *Babrocky*, 773 F.2d at 864. For example, failure to check the appropriate box on the complaint will not necessarily bar a subsequent claim in the district court. *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 538 F.2d 164 (7th Cir.1976). Nor does the scope of the actual investigation pursued determine what district court complaint may be filed. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir.1989). Rather, the determining factor is what investigation could reasonably be expected to grow from the factual allegations of the original complaint and other information provided by Plaintiff. *Id.; Gomez v. Amoco Oil Co.*, 767 F.Supp. 191 (N.D.Ind.1991).

Claims of retaliation for filing a charge arising after the charge was filed are considered "like or reasonably related

---

1. Therefore, Plaintiff could have offered equitable arguments excusing her failure to present her claim of retaliatory discharge at the administrative level. *Rennie*, 896 F.2d at 1062. Plaintiff does not do so here, but rather argues that she told the EEO officer in a 05/10/88 interview of her October 1987 contact with the EEO, and that she was discharged six months later. Plaintiff argues that it is reasonable to expect the basis of retaliation to grow out of the charge of discrimination.

to the allegations of the charge and growing out of such allegations" and need not be separately exhausted. *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989). However, in general, claims of retaliation occurring prior to the filing of a charge but not included in that charge do not fall within the scope of the charge and may not be presented in federal court unless such claims have been exhausted. *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 544–45 (7th Cir.1988); *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546–47 (6th Cir.1991). Plaintiff's claim is of the latter type. While Plaintiff claims that she was retaliated against for her October 1987 contact with an EEO counselor, this contact was never pursued and no charge or formal or informal complaint was filed at that time. Plaintiff did not file anything akin to a charge until after receiving notice of her proposed discharge. Thus, the policies behind excusing exhaustion of claims of retaliation for filing a charge on the basis that such exhaustion would be futile based on the inability of the parties to resolve the original complaint are not implicated. *Rennie*, ·896 F.2d at 1062.

However, Plaintiff claims that an investigation into her retaliatory discharge claim should have reasonably grown out of her March 10, 1988, complaint because she informed EEO counselor Boston about the October EEO contact in a May 10, 1988, interview. Plaintiff was discharged some five months after the contact. Viewing the factual allegations of the charge most liberally in favor of Plaintiff, the Court cannot conclude that the mere mention of the October 1987 EEO contact was sufficient to put the EEO investigator(s) or the Defendant on notice of a possible retaliatory discharge claim which should have been investigated. Based on the information provided to this Court, it does not appear that Plaintiff informed Boston as to whether Defendant or any of Plaintiff's supervisors knew of this EEO contact, or provided the EEO counselor with any other factual information to indicate that there might be a connection between the contact and her discharge. Plaintiff did not make any allegations or even intimate that there was any

relationship between the contact and the discharge, or that the discharge was in retaliation for the October 1987, EEO contact. Accordingly, Plaintiff cannot bring her claim for retaliatory discharge in this action.

## CONCLUSION

Defendant's Motion For Partial Summary Judgment [Doc. #20, Part #1] is hereby GRANTED. Plaintiff cannot seek recovery based upon her claim that she was discharged in retaliation for her October 1987, EEO contact.