2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frances F. SHAND, Plaintiff-Appellant,
v.
UNIVERSITY OF CA, REGENTS, LAWRENCE LIVERMORE NATIONAL
LABORATORY, Defendant-Appellee.
 No. 92-16381.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.
Decided July 7, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frances F. Shand appeals pro se from the district court's Fed.R.Civ.P. 12(b)(6) dismissal of her Age Discrimination in Employment Act ("ADEA") complaint alleging that Lawrence Livermore National Laboratory and the University of California (collectively "Livermore") harassed her in retaliation for filing a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"). Shand contends the district court erred by finding that she failed to state a claim upon which relief could be granted. We review de novo, Arcade Water District v. United States, 940 F.2d 1265, 1267 (9th Cir.1991), and we affirm.
 
 
 3
 29 U.S.C. Sec. 623(d) makes it unlawful to discriminate against an employee in retaliation for the employee's participation in any investigation or proceeding under the ADEA. 29 U.S.C. Sec. 623(d). To establish a retaliation claim, Shand must allege facts showing that she was harassed following her engagement in protected activity of which the employer was aware. See Cohen v. Fred Meyer, Inc., 686 F.2d 793, 797 (9th Cir.1982) (retaliation claim under Title VII); see also Merrick v. Farmers Ins., 892 F.2d 1434, 1441 (9th Cir.1990) (applying Title VII discrimination case law to ADEA retaliation case). Conclusory allegations unsupported by the facts will not defeat a Rule 12(b)(6) dismissal. See Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984).
 
 
 4
 On April 12, 1990, Shand alleged the following facts in her retaliation complaint filed with the EEOC. On January 22, 1990, she filed an age discrimination complaint with the EEOC regarding the "two-on-one" evaluation meeting utilized by Livermore. On January 25, 1990, Shand's supervisor threatened to take action against her if she did not agree to the "two-on-one" meeting. The threats caused an irregular heartbeat for which Shand had to seek medical treatment. Shand believed that the EEOC had notified Livermore regarding her first complaint on the day she filed it and that the supervisor's threats were in retaliation for her filing the first complaint. On January 30, 1990, Shand participated in the "two-on-one" evaluation.
 
 
 5
 In response to Shand's allegations, Livermore introduced a "notification-of-complaint" letter, dated January 31, 1990, which was received from the EEOC on February 5, 1990. On the basis of this letter, the district court found that Shand had failed to show that the supervisor had knowledge of Shand's first discrimination complaint prior to the alleged threats. We agree.
 
 
 6
 Shand's general belief, without any factual allegations, that Livermore was aware of her EEOC charge prior to the alleged threats does not support a cognizable retaliation claim. See Jones, 733 F.2d at 649-50. Therefore, the district court did not err by finding that Shand failed to state a retaliation claim and properly dismissed her complaint.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Shand raises a constructive discharge claim based upon the alleged threats, we decline to address the argument. Shand failed to raise this argument in her complaint filed with the EEOC. Cf. Albano v. Schering-Plough Corp., 912 F.2d 384, 386-88 (9th Cir.1990), cert. denied, 498 U.S. 1085 (1991)