Donna L. ANGOTTI, Plaintiff,

v.

KENYON & KENYON, Defendant.

No. 95 Civ. 2584 (JGK).

United States District Court, S.D. New York.

Jan. 26, 1996.

John D. Rapoport, White Plains, NY, for Plaintiff.

Seward & Kissel by Dale C. Christensen, Jr., Anne M. Cottrell, New York City, for Defendant.

KOELTL, District Judge.

The plaintiff, Donna L. Angotti, has filed this suit against her former law firm Kenyon & Kenyon alleging discrimination on the basis of sex and disability and retaliation for such complaints of such discrimination. The plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e, *et seq.* (Title VII) (Count One and Two), the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101 *et seq.* (ADA), as amended by the Civil Rights Act of 1991, Pub.L. No. 102–166, (Count Three and Four), and related claims under both the New York State Human Rights Laws (Counts Five and Six), and the Human Rights Laws of the City of New York (Counts Eight, Nine and Eleven).

The defendant now moves to dismiss the plaintiff's claim of retaliation under both Title VII (Count Two) and the ADA (Count Four) based on the failure to exhaust her administrative remedies by timely filing of a charge of retaliation with the Equal Employment Opportunity Commission. The defendant also seeks to dismiss the state and city claims for retaliation, arguing that once the federal causes of action are dismissed, the Court should decline to exercise supplemental jurisdiction over the state and local claims pursuant to 28 U.S.C. Section 1367(c). This motion turns on the question of whether the two federal claims survive.

■ The defendant has characterized mistakenly its motion as a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). The defendant relies, however, on the plaintiff's apparent failure to exhaust her administrative remedies by filing a charge of retaliation with the EEOC as prescribed by both Title VII, *see* 42 U.S.C. Section 2000–e–5(e)(1), and the ADA. *See* 42 U.S.C. Section 12117(a), (which adopts the enforcement scheme of Section 2000e–5 by reference). It is well established, however, that filing a timely charge with the EEOC is not a jurisdictional prerequisite to a suit in federal court—rather it is a condition precedent and "like a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Zipes v. Trans World Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). See *Butts v. the City of New York Dep't of Housing Preservation & Dev.,* 990 F.2d 1397, 1401 (2d Cir.1993); *O'Connor v. Pan Am,* No. 88 Civ. 5962, 1990 WL 118286, at *1 (S.D.N.Y. May 4th, 1990). Consequently, the defendant's motion is properly characterized as a motion to dismiss under Rule 12(b)(6). *See Ghartey v. St. John's Queens Hospital,* 869 F.2d 160, at 162 (2d Cir.1989) (statute of limitations defense should be asserted under Rule 12(b)(6). Accordingly, and as I believe counsel agreed, I construe the defendant's motion to dismiss under Rule 12(b)(6).

■ On such a motion, the facts alleged in the complaint are presumed true and all reasonable inferences are drawn in the plaintiff's favor. *Sykes v. James,* 13 F.3d 515, 519 (2d Cir.1993); *Brass v. American Film Technologies, Inc.,* 987 F.2d 142 at 150 (2d Cir. 1993). The Court may consider documents attached to the complaint as exhibits, or incorporated by reference, or of which the plaintiff had knowledge and relied upon to bring the suit. *Brass,* 987 F.2d at 150. A motion to dismiss may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim," *Scheuer v. Rhodes,* 416 U.S. 232 at 236, 94 S.Ct. 1683 at 1686, 40 L.Ed.2d 90 (1974), a requirement that compels even more vigilance with respect to civil rights violations or where the plaintiff is pro se. *See Easton v. Sundram,* 947 F.2d 1011 at 1015 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). With these principles in mind, I now turn to the substance of the defendant's argument.

■ Generally, a plaintiff who fails to file a timely charge with the EEOC is barred from asserting a claim of discrimination in federal court. . *See Butts*, 990 F.2d at 1401; *see also Zipes*, 455 U.S. at 393, 102 S.Ct. at 1132–33. A district court may only hear claims that either are included in a timely filed charge, or are reasonably related to that charge. *See Butts*, 990 F.2d at 1401 to 1403.

■ The defendant argues that the EEOC charge filed by the plaintiff, while timely, includes no mention of *retaliation* for her complaints of sex and disability discrimination. The boxes labeled "Sex" and "Disability" on the charge form are marked, but the one labeled "Retaliation" is not. Moreover, the description of the alleged discriminatory acts do not include any mention of retaliation. In the complaint for this lawsuit, the defendant points out, there are causes of action under both Title VII and the ADA for alleged retaliation in response to the plaintiff's acts opposing discrimination by the defendant. The particular retaliatory act alleged in the complaint is the disclosure by the defendant of confidential medical information about the plaintiff—information that another employee of the firm allegedly used to humiliate and harass the plaintiff. (See Compl. paragraphs 40 to 43.) The defendant argues that the EEOC charge omits any mention of the retaliation and therefore the plaintiff is barred from suing on this claim now.

The plaintiff responds with two distinct arguments. First, the plaintiff explains that she attempted to include her claim for retaliation in the EEOC charge but was informed by the EEOC interviewer that such claims were not within the EEOC's jurisdiction. When the plaintiff objected, she says the interviewer conceded that such claims were handled by the EEOC but that her claim would be rejected if the "Retaliation" box was marked. The plaintiff goes on to say that she signed and filed the charge without marking the box or including a description of the alleged retaliation out of concern that her entire claim would be rejected and after being assured by the interviewer that the charge was sufficient to include those claims in any case.

In support of her assertions, the plaintiff has submitted a copy of the Intake Questionnaire she completed before meeting with the EEOC interviewer. (*See* Angotti Aff. Ex. A.) The Intake Questionnaire requests a description of the actions the complainant believes were discriminatory and instructs that the reverse side of the form is to be used if more space is needed. In that space, and on the reverse side of the form, the plaintiff listed her allegations of discrimination including "retaliation for complaints of sex discrimination and disability discrimination." The plaintiff argues that the Intake Questionnaire substantiates her account of the faulty instructions given to her by the EEOC interviewer. The plaintiff contends that she should not be barred from pursuing causes of action for retaliation because she made a good faith effort to file a retaliation charge with the EEOC, and it was the EEOC that prevented her from complying with the statutory prerequisites for her lawsuit.

The plaintiff's second argument is that her claim of retaliation is "reasonably related" to the allegations that were included in the EEOC charge. The plaintiff argues that the scope of an EEOC investigation based on the charge she filed would be reasonably expected to include an inquiry into retaliation for her complaints of discrimination based on sex and disability.

With respect to the first argument, the defendant does not refute the plaintiff's explanation, but instead criticizes the plaintiff's affidavit as self-serving and replete with hearsay. The defendant also argues that the plaintiff fails to offer an affidavit from the EEOC interviewer. Furthermore, the defendant points out that while the plaintiff was pro se when she filed her EEOC charge, she is herself an experienced attorney, and had consulted informally with an attorney from a prominent New York employment discrimination law firm. Indeed, the defendant contends, the plaintiff states in her affidavit that she knew her retaliation claim was a proper claim under the law. Finally, the defendant argues that the Intake Questionnaire is unsworn and therefore does not comply with the statutory requirement that an EEOC

charge be "in writing under oath or affirmation." 42 U.S.C. Section 2000e–5.

With respect to plaintiff's argument that her retaliation claim is "reasonably related" to her charges of sex and disability discrimination, the defendant disagrees and contends that, while similar, actions for retaliation are distinct from those of discrimination, and where the alleged retaliation occurred prior to the filing of the EEOC charge, as is the case here, the case law does not support the plaintiff's position.

The Supreme Court has directed that the EEOC filing requirement is subject to equitable doctrines such as waiver, estoppel and tolling, *see Zipes,* 455 U.S. at 393, 102 S.Ct. at 1132–33, and the Court of Appeals for the Second Circuit has acknowledged the application of equitable considerations in appropriate circumstances. *See Cerbone v. Int'l Ladies' Garment Workers' Union,* 768 F.2d 45, 48–49 (2d Cir.1985); *Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 146 (2d Cir.1984). The doctrines of equitable estoppel and equitable tolling have been discussed in cases where a plaintiff sought to avoid dismissal of Title VII suit based on untimely filing of an EEOC charge. *See, e.g., Dillman v. Combustion Engineering, Inc.,* 784 F.2d 57 (2d Cir.1986) (discussing both doctrines, although applying neither). Neither of these principles is directly applicable in the present case under current Second Circuit cases.

■■■■ Equitable estoppel prevents a defendant from asserting the statute of limitations as a defense where "the plaintiff knew of the existence of the cause of action but the defendant's conduct caused the plaintiff to delay the bringing of the lawsuit." *Buttry v. General Signal Corp.,* 68 F.3d 1488, 1493 (2d Cir.1995) (quoting *Cerbone,* 768 F.2d at 50). The doctrine "has been invoked in cases where the defendant misrepresented the length of the limitations period or in some way lulled the plaintiff into believing that it was not necessary for him to commence litigation." *Cerbone,* 768 F.2d at 50. *See also Buttry,* 68 F.3d at 1494; *Dillman,* 784 F.2d at 60 to 61; *Seedman v. Alexander's, Inc.,* 683 F.Supp. 924, 926 (S.D.N.Y.1987). In this case, it is the EEOC, not the defendant that is accused of acting in a manner that pre-

vented the plaintiff from including her retaliation allegation in her charge. Accordingly, the doctrine of equitable estoppel is not applicable here. *Cf. Long v. Frank,* 22 F.3d 54, 58 to 59 (2d Cir.1994) (applying equitable estoppel for EEOC conduct where the defendant was federal government), *cert. denied sub nom. Long v. Runyon,* — U.S. —, 115 S.Ct. 938, 130 L.Ed.2d 883 (1995).

■■■■ On the other hand, the doctrine of equitable tolling is not applicable to the circumstances here either. "Equitable tolling prevents the running of a statute of limitations against the plaintiff who is unaware that he has a cause of action because of defendant's fraudulent acts or concealment." *Bennett v. United States Lines,* 64 F.3d 62 and 66 (2d Cir.1995). The doctrine does not apply here for two reasons. First, there is nothing to toll. It is undisputed by the parties that the EEOC charge filed by the plaintiff was timely. The dispute is whether that charge includes a claim of retaliation. If it does, then that charge is timely filed as well and no tolling is necessary. If it does not, then the plaintiff has never filed a charge of retaliation at any time, timely or otherwise. Indeed, a case presenting strikingly similar facts recognized this very paradox. In *Stutz v. Depository Trust Co.,* 497 F.Supp. 654 (S.D.N.Y.1980), the pro se plaintiff blamed her failure to check the "retaliation" box on her complaint on faulty instructions given to her by the state human rights representative. The court found nothing to contradict the plaintiff's explanation but did not hold her complaint sufficient to satisfy the filing requirement. Instead, the court dismissed her complaint without prejudice to renewal once she properly filed her retaliation charge with the EEOC and received a right-to-sue letter. In another more recent case, a plaintiff asserted that the EEOC misled him into believing it was unnecessary to add his assault and harassment claims to his failure-to-promote EEOC charge. *See Edmonston v. MGM Grand Air, Inc.,* 808 F.Supp. 197 at 203 (E.D.N.Y.1992). On a motion for summary judgment, the court rejected the plaintiff's argument that the statute of limitations should be tolled because the plaintiff did not present any extrinsic

evidence in support of his affidavit that he was misinformed by the EEOC. The court noted, however, that even if it were applicable, equitable tolling might not be the appropriate doctrine: "It should be noted that plaintiff to this day has not filed a complaint with the EEOC based on the assault and harassment, nor has he moved to amend his original complaint; therefore, it is unclear what plaintiff would have this court 'toll' since he has not taken the first step in the process."

The second reason equitable tolling does not apply is that, just as equitable estoppel is triggered by the defendant's conduct, in this Circuit, the doctrine of equitable tolling is similarly limited. *See Bennett,* 64 F.3d at 66; *Dillman,* 784 F.2d at 60. *But see Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 452 (7th Cir.1990) (Posner, J.) holding that "*Holmberg [v. Armbrecht]* 327 U.S. 392 at 397 [66 S.Ct. 582 at 585, 90 L.Ed. 743] (1946) makes clear that equitable tolling does not require any conduct by the defendant"). The doctrine has been recognized, nevertheless, where the plaintiff claims to have been misled by the EEOC rather than the defendant. *See Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143 at 146 (2d Cir.1984) (erroneous advice about filing deadline, when substantiated, could be basis for equitable tolling, although denied here since no affidavit was submitted); *James v. Miller–Wohl Co., Inc.,* No. Civ–83–780E, 1984 WL 48906, at *6 (W.D.N.Y. Oct. 10, 1984) (equitable discretion appropriate where pro se plaintiff reasonably relied on state human rights department agent misrepresentation that charge would be filed with EEOC automatically). Yet, it would appear that the doctrine may not be available after all. *See Vernon v. Cassadaga Valley Central Sch. Dist.,* 49 F.3d 886, 891 (2d Cir.1995) (questioning whether acts of the EEOC can trigger equitable tolling where federal government is not a defendant, citing *Long.*) In any event, the facts of this case are not suited to the doctrine of tolling because no untimely charge was ever filed, and the plaintiff does not now seek to file a charge with the EEOC.

Therefore, it would appear that this case presents a situation which neither doctrine

strictly applies. Nonetheless, there are cases where similar circumstances were presented and equitable considerations were recognized and applied to save a plaintiff's complaint in light of misinformation or misleading conduct by the EEOC. In the leading case of *Albano v. Schering–Plough Corp.,* 912 F.2d 384 (9th Cir.1990), the plaintiff had presented his constructive discharge allegations to the EEOC after filing a failure to promote claim of age discrimination. The plaintiff claimed that the EEOC refused to amend his charge and told him that his original charge for failure to promote would encompass his constructive discharge claim. The district court granted the defendant summary judgment on the basis that the EEOC charge did not include the constructive discharge claim. The Court of Appeals for the Ninth Circuit reversed, holding that "equitable considerations may excuse a claimant's noncompliance with the scope (of the EEOC charge) requirement, and resulting failure to exhaust administrative remedies, when the EEOC improperly refuses to amend the claimant's timely EEOC charge." *Id.* 912 F.2d at 387. The court explained that refusal to allow a civil suit under such circumstances would be contrary to the ADEA's remedial purpose. *Id.* 912 F.2d at 387–88. Thus, the court held that the EEOC's refusal to process properly that plaintiff's allegation of constructive discharge should not and would not prejudice his later complaint based on that allegation. *See also Carter v. Smith Food King,* 765 F.2d 916, 924 (9th Cir.1985) ("Although complainants are statutorily required to exhaust the EEOC's administrative remedies as a prerequisite to the maintenance of Title VII action, we have emphasized that a claimant's right to pursue a civil action is not to be prejudiced by the EEOC's failure to properly process a grievance after it has been filed.")

The logic of *Albano* is inescapable and comports with both the remedial purposes of the antidiscrimination laws and the approach adopted by other circuits. *See Jennings v. American Postal Workers Union,* 672 F.2d 712, 714 to 716 (8th Cir.1982) (Arnold, J.) (reversing dismissal where there remained unresolved issues of fact where the pro se plaintiff who was told by the EEOC that it

had no jurisdiction over her claim actually informed the EEOC of her race and sex discrimination charge, holding that an "uncounseled plaintiff should not be penalized for the EEOC's mistake of law"); *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534 at 544 (7th Cir.1988) (reversing summary judgment where plaintiff was told by EEOC that Intake Questionnaire would be treated as a charge and it was not, holding that "EEOC's failure to act on a charge, however, does not bar a person from maintaining an ADEA action"), *cert. denied*, 491 U.S. 907, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989); *Dartt v. Shell Oil Co.*, 539 F.2d 1256 at 1261 (10th Cir. 1976) (invoking equitable power to toll filing requirement where plaintiff was misled by attorney to file with Department of Labor, and in spite of repeated inquiries, was not told by that Department that her claim was misfiled until after the statutory time period had expired). *See also Early v. Banker's Life & Cas. Co.*, 959 F.2d 75 at 80–81 (7th Cir.1992) (Posner, J.) (reversing dismissal where plaintiff argued that the EEOC told him the Intake Questionnaire was sufficient to constitute a formal charge, remanding to determine if the EEOC's misinformation transformed the Questionnaire into a charge, under *Steffen*, or if it merely tolled statute of limitations for a reasonable time during which plaintiff's second charge was or was not filed).

At least one court in this circuit has heeded equitable considerations in the unusual circumstances presented here, and in accord with *Albano*, notwithstanding the absence of clear direction by the Court of Appeals in this circuit, in cases where equitable principles other than equitable estoppel or equitable tolling are raised. In *O'Connor v. Pan Am*, 88 Civ. 5962, 1990 WL 118286 (S.D.N.Y. May 4, 1990) Judge Duffy refused to dismiss a complaint where the plaintiff did not timely file her age and sex discrimination charge with the EEOC. The plaintiff submitted an affidavit in opposition to the motion to dismiss, explaining that the EEOC interviewer advised her that her complaint was timely because she had initiated the complaint process within the 300 day period. The plaintiff further explained that, in spite of her specific instructions, the EEOC erroneously mailed her draft charge and cover letter to the wrong address, resulting in the plaintiff receiving the charge for her signature and notarization after the actual filing deadline.

Judge Duffy held:

"Equitable modification is appropriate when the EEOC misleads a complainant about the nature of his or her rights under Title VII or the ADEA. The record before me is sparse. For instance, no affidavit from the EEOC interviewer or from anyone at EEOC has been submitted regarding what was actually told to the plaintiff. Nonetheless, viewing the record in the light most favorable to the plaintiff and accepting as true her assertions that the EEOC somehow led her to believe that her charge was timely, I cannot find at this time that no genuine issue of material fact exists as to whether the EEOC lulled or affirmatively induced her into action."

Other district courts have recognized the potential application for equitable considerations springing from misleading conduct by the EEOC although refusing to apply them under given circumstances. *See, e.g. Kent v. AVCO Corp.*, 815 F.Supp. 67 at 70 to 71 (D.Conn.1992); *Osei–Bonsu v. Federal Home Loan Bank of New York*, 726 F.Supp. 95 at 98 to 99 (S.D.N.Y.1989); *Spira v. Ethical Culture Sch.*, 888 F.Supp. 601 at 602 (S.D.N.Y.1995); *Horne v. Cub Foods*, 93 C 3097, 1995 WL 319629, *3 (N.D.Ill., May 25, 1995).

Given the contours of these cases, and Judge Duffy's approach in *O'Connor*, and because the Court of Appeals for the Second Circuit has recognized that equitable considerations are generally applicable in cases of untimely filing of EEOC charges under *Zipes*, and because of the absence of direct authority where neither equitable tolling nor equitable estoppel is strictly applicable on the facts, and because the logic of *Albano* is persuasive in that regard, I find that the record before me presents issues of fact which, if true, would provide an excuse based on equitable considerations for the plaintiff's apparent failure to include explicitly the charge of retaliation in the EEOC charge she filed. Here the plaintiff has presented docu-

mentary evidence that she presented her claims of retaliation to the EEOC when she filed her charge of sex and disability discrimination. She has also averred that the EEOC interviewer assured her that her retaliation claims were encompassed by the charge she did timely file. There is nothing to suggest that the plaintiff should have further challenged the EEOC's advice.

The fact that the plaintiff is an attorney, without more, is insufficient to permit resolution of the availability of equitable relief. It is true that there is authority for the defendant's proposition that equitable considerations such as those presented here, will not save a plaintiff represented by counsel from EEOC filing requirements. *See, e.g. Keyse v. California Texas Oil Corp.*, 590 F.2d 45 and 47 (2d Cir.1978); *Smith v. American President Lines, Limited,* 571 F.2d 102 at 109 to 110 (2d Cir.1978). It is also true that, absent evidence that the EEOC mislead the plaintiff, a pro se attorney may not assert ignorance of the filing requirements. *See Miller v. Int'l Tel. & Tel. Corp.,* 755 F.2d 20 at 26 (2d Cir.1985); *Pfister v. Allied Corp.,* 539 F.Supp. 224, 228 (S.D.N.Y.1982). In the present case, however, the plaintiff was pro se at the time of her EEOC charge filing, although she had consulted informally with an attorney. And, while the plaintiff indeed was an experienced attorney, there is evidence in this case that she was affirmatively mislead by the EEOC interviewer. Whether this plaintiff did in fact rely on the interviewer's misinformation is a question of fact that remains undetermined and cannot be resolved on a motion to dismiss.

Therefore, because there are unresolved questions of material fact concerning whether the plaintiff's apparent failure to include retaliation charges in her EEOC filing are excused on equitable grounds, the defendant's motion to dismiss is denied.

The plaintiff also asserts, as an alternative basis for opposing the motion to dismiss, that the EEOC charge she did timely file was sufficiently broad to include her allegations of retaliation. I find that this argument provides an independent basis for denying the defendant's motion to dismiss.

██ It is well established that a discrimination complaint under Title VII may only assert those charges either included in a timely-filed EEOC charge, or based upon conduct "reasonably related" to that alleged in the charge. *Butts,* 990 F.2d at 1401. One of the three situations where a charge not alleged in the EEOC charge is considered "reasonably related" is where the "claims not raised in the charge would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Butts,* 990 F.2d at 1402 (quoting *American President Lines,* 571 F.2d at 107, n. 10). The other two situations are, first, a claim of retaliation subsequent to and based on the filing of the EEOC charge, and second, where the conduct involves "incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Butts,* 990 F.2d at 1402 to 1403. Neither of these latter two situations apply. The plaintiff argues that her complaint of retaliation, based on conduct occurring before she filed her EEOC charge, should be considered "reasonably related" because of the first of these two situations. That position misapprehends the law which clearly affords such consideration only where the retaliation occurs *after* the filing of the EEOC complaint. *See, e.g. Malarkey v. Texaco, Inc.,* 983 F.2d 1204, 1209 (2d Cir.1993); *see also Ang v. Procter & Gamble Co.,* 932 F.2d 540, 547 (6th Cir.1991).

The plaintiff has, however, raised material factual questions with respect to whether her claim of retaliation would be reasonably expected to grow out of the EEOC charge she filed. The resolution of such a question depends on the facts of each individual case and does not depend on the scope of the investigation that the EEOC actually undertakes. *See Peterson v. Insurance Co. of North America,* 884 F.Supp. 107 at 110 (S.D.N.Y. 1995).

██ In the present case, the plaintiff argues that the EEOC was aware of the allegations of retaliation because they were included in her Intake Questionnaire and her interviewer acknowledged that such allegations would be included in her formal charge. Moreover, the nature of the alleged retalia-

tion in this case—misuse of information about the plaintiff's medical condition—is a fact closely related to her claims of discrimination. Nothing in the record indicates that the EEOC did not agree to include the retaliation charges. Once again, assuming the plaintiff's allegations are true and drawing all of the inferences in her favor, I conclude that any objective investigation growing out of the allegations made by this plaintiff to the EEOC would include her charges of retaliation. According to her allegation, which is supported by the Intake Questionnaire, those charges were related to the EEOC and would have been included in an investigation.

These very circumstances were addressed by Judge Mukasey in *Best v. St. Clare's Hospital*, No. 89 Civ. 0751, 1989 WL 135266 (S.D.N.Y. Nov. 2, 1989). In *Best*, Judge Mukasey denied a motion to dismiss notwithstanding the absence of an allegation of age discrimination in the pro se plaintiff's EEOC charge of race discrimination. The plaintiff argued that she advised the EEOC during her intake interview, in subsequent telephone calls, and by letter, that she wished to assert an age discrimination charge. The plaintiff's explanations in *Best* were set forth in an affidavit that the defendant argued was hearsay, just as the defendant in the present case argues. And, just as Judge Mukasey explained in *Best*, "such information is admissible for the purpose of asserting that plaintiff made statements or heard statements, but not for the truth of the statements themselves." The plaintiff in *Best* asserted that the EEOC interviewer assured her that her age discrimination allegations were covered by her charge, notwithstanding the fact that only the "Race" box was checked and the descriptive text omitted any reference to age. The plaintiff also sent a letter to the EEOC setting forth the grounds of her age discrimination complaint, identifying the reference number of her earlier charge. Judge Mukasey construed this letter, in combination with plaintiff's account of the original interview and subsequent telephone conversations, as an attempt to amend her charge, if not an additional charge entirely. The court then denied the motion to dismiss, holding that, in light of the plaintiff's letter, an EEOC investigation would be reasonably expected to in-

clude the plaintiff's allegations of age discrimination. The court concluded that "the EEOC's lack of investigation regarding the age discrimination charge does nothing to undermine the propriety of plaintiff's judicial complaint when plaintiff gave sufficient notice of the possibility that she would be making age based allegations." Indeed, the court continued "when the EEOC chooses not to investigate a charge, it would be unfair, given the remedial purpose of the ADEA, to preclude plaintiff's claim in this court on that basis."

This case is precisely on point with *Best*. Here the plaintiff alerted the EEOC to her claim of retaliation by mentioning it to the EEOC interviewer, according to the plaintiff. That assertion is buttressed by the Intake Questionnaire completed by the plaintiff which includes retaliation among its enumerated complaints of discrimination. The plaintiff alleges that the interviewer assured her that the retaliation complaint was encompassed in her formal charge. This is not a case where the plaintiff baldly asserts that a retaliation grievance was mentioned during the EEOC interview. *Compare Catlett v. United States Postal Service*, 795 F.Supp. 878, 881 (C.D.Ill.1992). In this case, the Intake Questionnaire is objective documentary evidence that supports the plaintiff's assertion that the EEOC was fully aware of the plaintiff's retaliation allegations. Accordingly, an investigation of the retaliation charges would reasonably be expected to flow from the plaintiff's EEOC charge, and the plaintiff has satisfied the requirement that those charges be the subject of an EEOC charge before being brought as a suit in federal court.

Because I have denied the defendant's motion to dismiss the retaliation claims under Title VII and the ADA, I also deny the defendant's motion to decline supplemental jurisdiction over the related state and local retaliation claims.

Accordingly, for all the foregoing reasons, the defendant's motion to dismiss the retaliation counts under Title VII (Count Two) and the ADA (Count 4) is denied. I find that material issues of fact remain with respect to

whether equitable considerations excuse the plaintiff's apparent failure to file an EEOC charge of retaliation, and alternatively and independently, that under the circumstances of this case, in an objective sense, an EEOC investigation would be reasonably expected to include the plaintiff's allegation of retaliation.