Michael A. **CHATOFF,** Plaintiff,

v.

**WEST PUBLISHING COMPANY** and **Frank Nicastri, individually and as Executive Editor of West Publishing Company, Defendants.**

No. 95–CV–0060 (TCP).

United States District Court,
E.D. New York.

Oct. 15, 1996.

Barry G. Felder, Brown Raysman & Millstein, New York City, for plaintiff.

Kevin E. Agoglia, Agoglia, Fassberg, Magee & Crowe, P.C., Mineola, NY, for defendants.

### MEMORANDUM AND ORDER

PLATT, District Judge.

On August 15, 1996, defendants moved this Court for an order granting summary judgment on plaintiff's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 56(b). The Court orally denied the bulk of that motion at the conclusion of a hearing on October 5, 1996, but reserved decision on whether to dismiss plaintiff's "accommodation" claim under the Americans with Disabilities Act. Defendants argued that, though not pled specifically, plaintiff implied that claim in a fact statement submitted pursuant to Local Rule 3(g). For the reasons stated below, to the extent plaintiff asserted a distinct accommodation claim, that claim is dismissed.

### BACKGROUND

Plaintiff has been deaf since 1968. The West Publishing Company ("West") hired plaintiff as an editor in 1972, a function he continues to serve to this day. Plaintiff's primary duty at West has been to prepare

the "United States Code, Congressional and Administrative News" ("USCCAN"). Plaintiff also has worked periodically to create cross references to the Code of Federal Regulations, among other tasks.

On August 31, 1993, plaintiff filed an employment discrimination complaint with the Office of Federal Contract Compliance Programs ("OFCCP"). In his complaint, plaintiff asserted that West had advanced "no handicapped individual" in plaintiff's office, violating its contractual requirement as a federal employer to advance qualified disabled people under Section 503 of the Rehabilitation Act. He stated that West had advanced numerous non-handicapped individuals "over the past dozen years." The only qualitative difference between himself and those promoted over him, plaintiff argued, was the ability to use the telephone. Plaintiff further alleged that several West employees conducted a "campaign of harassment designed to pressure [him] to quit." Though the standardized OFCCP complaint form included a box entitled "Accommodation of Disability" as a possible source of complaint, plaintiff did not check that box.

The OFCCP ruled against plaintiff. The decision states that plaintiff had "not been successful" on projects other than editing the USCCAN, and that plaintiff was not qualified for a June 1992 promotion made in his department—the only prior promotion the OFCCP investigated. The OFCCP did not investigate the harassment charge, stating that it was not timely filed, nor did it address in any way the issue of accommodation. The Department of Labor upheld the OFCCP decision upon review.

Plaintiff's Third Amended Complaint before this Court does not specifically plead failure to accommodate. However, the Complaint alleges violations of Section 102 of the Americans with Disabilities Act ("ADA"), which includes the employer's duty to accommodate the "known physical or mental limitations of an otherwise qualified individual." 42 U.S.C. § 12112(b)(5)(A).

## DISCUSSION

### A. The Exhaustion Requirements of the ADA

■ The Second Circuit has not squarely resolved the question of whether administrative remedies must be exhausted before claims under the ADA may be filed with a federal district court. The general rule has been that federal courts lack subject matter jurisdiction to hear employment discrimination claims when the plaintiff fails to exhaust proceedings before an agency vested with authority to address such claims. *Butts v. New York Dept. of Hous. Preserv. & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993) (discussing State filing requirement for Title VII claims). Failure to exhaust denies the parties, as well as the agency, the opportunity to settle discrimination disputes "through conciliation and voluntary compliance." *Butts*, 990 F.2d at 1401 (citation omitted). Federal courts thus may review only claims falling within the scope of the agency's prior investigation. *Id.* at 1401–1402.

Courts have assumed that the exhaustion rule enunciated in *Butts* applies wholesale to discrimination claims grounded in the ADA. *See Angotti v. Kenyon & Kenyon*, 929 F.Supp. 651, 654 (S.D.N.Y.1996) (assuming without deciding that exhaustion is required of ADA claims). However, the ADA distinguishes between charges brought against employers generally and those brought against public employers. The former are governed by the general employment discrimination rule of Subchapter I of the ADA. *See* 42 U.S.C. § 12112. The latter are governed by the rule against discrimination in public services of Subchapter II. *See* 42 U.S.C. § 12132.

Subchapter I dictates that discrimination charges brought against any "covered entity," defined as "an employer, employment agency, labor organization, or joint labor-management committee," 42 U.S.C. § 12111(2), shall be governed by the procedures set forth in, *inter alia,* Section 2000e–5 of the title. 42 U.S.C. § 12117(a). Section 2000e–5, the provision at issue in *Butts,* sets forth the procedural requirements for Title VII claims; with limited exceptions, failure to comply with those requirements consti-

tutes failure to exhaust. *Butts,* 990 F.2d at 1401 (stating that district courts may not hear Title VII claims that do not meet Section 2000e–5's requirements). On the other hand, claims against public entities brought under Subchapter II are governed by "section 794a of Title 29," which allows plaintiffs to go directly to federal court without first exhausting administrative remedies. *See Doe v. New York Univ.,* 666 F.2d 761, 774 (2d Cir.1981) (citing *Leary v. Crapsey,* 566 F.2d 863 (2d Cir.1977)); 28 C.F.R. § 35.172(b) ("At any time, the complainant may file a private suit. . . .").

■ Plaintiff's claims against West must be governed by the procedural requirements of Section 2000e–5. Plaintiff did not plead violations of Section 12132 of the ADA; his Third Amended Complaint alleges only violations of Section 12112. Even had he wished to, plaintiff may not avail himself of the less stringent procedural requirements of Section 12132. Plaintiff has asserted that West has "substantial contracts with the Federal Government." (Pl.'s OFCCP Compl. at 2.) Notwithstanding the fact that plaintiff has provided no factual support for that assertion, West would not meet Subchapter II's definition of "public entity" even with such contracts. *See* 42 U.S.C. § 12131(1). Thus, West must be considered a "covered entity" under Section 12112, claims against whom must comply with the procedural requirements of Section 2000e–5.[1]

## B. *Exceptions to the ADA's Exhaustion Requirements*

■ Several principles mitigate the potentially harsh impact of the administrative filing requirements of the ADA. First, claims filed with an administrative agency need not be technically precise to form the predicate for subsequent federal claims; courts are directed to look beyond "the four corners of the often inarticulately framed charge." *Silver v. Mohasco Corp.,* 602 F.2d 1083, 1090 (2d Cir.1979), *rev'd on other grounds,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). A second, corollary principle is that courts may hear claims based on conduct "reasonably related" to charges made in an administrative complaint. *Id.* "Reasonableness" may be determined by examining whether conduct underlying previously unpled claims falls within the scope of the investigation reasonably expected to "grow out of the [initial] charge of discrimination." *Id.* (citation omitted). However, conclusory or vague allegations before an administrative agency may not predicate widely disparate claims brought subsequently before federal courts. *Butts,* 990 F.2d at 1403.

■ The final principle mitigating the strict exhaustion requirements of the ADA is that claims timely filed before an administrative body concerning an ongoing policy of discrimination properly raise later claims related to the same policy, even if the later claims would be untimely standing alone. *Lambert v. Genesee Hosp.,* 10 F.3d 46, 53 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994). This exception applies only where discrimination is accomplished through a specific official policy or mechanism such as discriminatory seniority lists or promotion tests. *Butts,* 990 F.2d at 1404. Multiple incidents of discrimination not produced by a discriminatory policy or mechanism do not amount to a continuing violation. *Lambert,* 10 F.3d at 53.

■ Based on the foregoing, plaintiff's accommodation claims are not properly before the Court. Plaintiff's complaint to the OFCCP—even accounting for a lack of technical precision—did not state an accommodation theory. The only hint of such a theory may be found in plaintiff's statement that the

---

1. Plaintiff's complaint to the OFCCP also alleged that West violated the Rehabilitation Act, a claim governed by the procedural requirements of Section 794a. Plaintiff did not pursue that claim before this Court, neither party briefed it, and it has not been developed factually. Thus, to the extent that failure to accommodate states a claim under the Rehabilitation Act, *see Alexander v. Choate,* 469 U.S. 287, 301–302, 105 S.Ct. 712, 720–721, 83 L.Ed.2d 661 (1985) (stating that under the Act, "reasonable accommodations . . . may have to be made"), that claim is not properly before the Court at this time. The Court notes, however, that the different procedural requirements of the ADA and the Rehabilitation Act create an anomalous situation for plaintiffs bringing accommodation charges under both Acts.

only difference between plaintiff and those promoted over him was the ability to use the telephone. The OFCCP found that allegation not worth pursuing. Rather, the OFCCP determined that plaintiff "has not been successful in ... editing projects" other than the USCCAN, and did not meet West's promotional criteria due to his inability to adapt to other editing projects. The Court is troubled by the fact that the OFCCP based its decision on its investigation of only one prior promotion in plaintiff's office. Nonetheless, the clear finding of the OFCCP was that plaintiff was not promoted because of shortcomings in his substantive editing work; telephone use simply was not implicated in the OFCCP's analysis, nor was it part of West's promotional criteria. A full exploration of plaintiff's remaining discrimination claims at trial not only will address any potential discriminatory defects in West's promotion policy, but will cure any possible shortcomings in the OFCCP's investigation.

The fact that the OFCCP chose not to mention, much less investigate, West's accommodation of plaintiff prevents this Court from doing so now. Standing alone, plaintiff's passing mention of telephone use may not serve as the predicate for a full scale evaluation of an accommodation claim at this juncture. *See Butts,* 990 F.2d at 1403 (stating that vague charges insufficient to support different later claims). Investigation of an accommodation claim cannot have been expected—even by plaintiff—to "grow out of" plaintiff's comment to the OFCCP. *Silver,* 602 F.2d at 1090. Finally, the record does not support plaintiff's present assertion that West engaged in a specific official policy or mechanism of discrimination; multiple incidents of discrimination—which on the present record remain merely allegations—do not amount to a continuing violation. *See Lambert,* 10 F.3d at 53.

### CONCLUSION

In sum, to the extent that failure to accommodate is pled as a distinct claim of discrimination apart from performance, the Court finds that plaintiff did not present that claim to the OFCCP and the OFCCP did not investigate it. Accordingly, that claim may not be considered presently by this Court and must be dismissed. However, the Court notes that it may consider failure to accommodate to the extent that facts supporting such a charge relate to West's evaluations of plaintiff's performance as an editor.

SO ORDERED.