852 F.2d 1231
 47 Fair Empl.Prac.Cas. 813,
47 Empl. Prac. Dec. P 38,166
Patricia Ann STACHE, Plaintiff-Appellant,
v.
INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN,
AFL-CIO; Inland Empire Brickmason Joint
Apprenticeship Committee, Defendants-Appellees.
Patricia A. STACHE, Plaintiff-Appellee,
v.
BRICKLAYERS AND TILE SETTERS UNION, LOCAL # 20; Inland
Empire Brickmason Joint Apprenticeship Committee;
Masonry Builders, Inc., Defendants,
and
International Union of Bricklayers and Allied Craftsmen,
AFL-CIO, Defendant-Appellant.
 Nos. 86-6551, 86-6576.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 8, 1987.
Decided Aug. 1, 1988.
 
 Joann Lach and William T. Bissett, Hughes, Hubbard & Reed, Los Angeles, Cal., for plaintiff-appellant/cross-appellee.
 Marsha S. Berzon and Fred H. Altshuler, Altshuler & Berzon, San Francisco, Cal., for defendant-appellee/cross-appellant.
 Robert M. Weinberg, Washington, D.C., for amicus curiae American Federation of Labor-Congress of Indus. Organizations.
 Appeals from the United States District Court for the Central District of California.
 Before O'SCANNLAIN and LEAVY, Circuit Judges, and KING,* District Judge.
 O'SCANNLAIN, Circuit Judge:
 
 
 1
 We review the interplay between state and federal administrative conciliation procedures on the one hand, and judicial remedies on the other, in this sex discrimination action against an international union for the actions of its local affiliate. The international argues that the complainant's failure to name it in her administrative actions against the local rendered her subsequent suit against the international procedurally defective. We agree and reverse the decision of the district court with respect to the international.
 
 BACKGROUND
 1. Relationship Between the Parties
 
 2
 The International Union of Bricklayers and Allied Craftsmen, AFL-CIO ("International") represents 103,000 workers throughout the United States and Canada. The International directs its local affiliates to establish apprenticeship committees; these committees regulate local apprenticeship matters "except as otherwise provided in [the International's] constitution", but must conform to national standards proscribing gender discrimination.
 
 
 3
 Bricklayers and Tile Setters Local Union 20 of California ("Local 20") is a local affiliate of the International. Local 20 has its own constitution, signs its own collective bargaining agreements, and calls its own strikes. Members of Local 20 pay dues to both Local 20 and the International.
 
 
 4
 The Inland Empire Brick Masons Joint Apprenticeship Committee ("JAC") conducts apprenticeship training programs for Local 20 members. The International takes no part in the establishment, funding, administration, or supervision of the JAC.
 
 2. Stache's Claim
 
 5
 In 1980 Patricia Ann Stache became the first woman to enroll in the apprenticeship program. Throughout her apprenticeship, Stache was repeatedly intimidated, humiliated, and sexually harassed by JAC teachers, Local 20 officials, and fellow workers. The record indicates that Local 20 concealed employment information from Stache, gave male apprentices more job referrals, and took no action upon learning that employers refused to hire Stache because of her gender.
 
 
 6
 Stache sought help four times from the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"). Her first EEOC complaint named "Bricklayer Local No. 20," and charged that Local 20 (1) had not referred her to work; (2) denied her a union card and a wage increase; and (3) told her not to attend an orientation class. Stache's second EEOC complaint named "Bricklayers, Masons, and Tile Setters Local No. 20." It alleged that (1) "the Union has refused to give me a rule book"; and (2) "the Union has failed to refer me to jobs on the same basis as it refers the male apprentices." Stache's third complaint, filed with the DFEH, named the JAC and alleged discrimination in job referrals. Stache also filed a complaint against her employer.
 
 
 7
 The International learned of Stache's dispute with Local 20 through EEOC computer printouts and conversations with Local 20 officials. However, the International did not participate in the EEOC or DFEH factfinding conferences held pursuant to Stache's complaints.
 
 
 8
 Stache named the International for the first time in a complaint against it, Local 20, and the JAC in federal court, claiming violations of the California Fair Employment and Housing Act, Cal.Gov. Code Secs. 12900 et seq. (1980) ("FEHA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. (1978) ("Title VII"). In its answer, the International raised the affirmative defense that Stache's failure to name it in her administrative complaints barred her from pursuing her Title VII and FEHA actions.
 
 
 9
 At trial, the district court instructed the jury that:
 
 
 10
 If you find that Mrs. Stache filed charges with the DFEH or EEOC and failed to name a particular defendant as a discriminating party, then in order to find that defendant liable, you must find that a reasonable investigation of her charges would have included claims against that defendant.
 
 
 11
 The jury found that all defendants had violated the FEHA and awarded Stache compensatory and punitive damages. The judge found that all defendants violated Title VII. He granted Stache an injunction against future discrimination by defendants, compensation for lost pay, attorney fees apportioned among the International, Local 20, and the JAC in proportion to damages, and costs. Stache appeals the apportionment of attorney fees and urges that the total award should be paid exclusively by the International. The International cross-appeals, urging lack of jurisdiction among other issues. Local 20, presently undergoing bankruptcy proceedings, has not appealed. The JAC has not appealed. The AFL-CIO filed an amicus brief in support of the International.
 
 DISCUSSION
 
 12
 We deal first with the International's cross-appeal on the jurisdictional issue. To encourage informal conciliation and voluntary compliance with its precepts, Title VII places primary responsibility for employment discrimination cases with the EEOC. Brown v. Puget Sound Elec. App. & Train. Trust, 732 F.2d 726, 729 (9th Cir.1984), cert. denied, 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 778 (1985). A private plaintiff must first file an EEOC complaint against the allegedly discriminatory party before bringing a Title VII suit in federal court. 42 U.S.C. Sec. 2000e-5 (1978). However, a plaintiff's failure to file an EEOC complaint does not bar her absolutely from filing a Title VII suit; exhaustion of administrative remedies is not jurisdictional but is merely a condition precedent to suit which a defendant may waive or be estopped from asserting. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); Boyd v. United States Postal Serv., 752 F.2d 410, 414 (9th Cir.1985); Fed.R.Civ.P. 9(c).
 
 
 13
 Under California law, exhaustion of state administrative remedies remains a jurisdictional prerequisite to a FEHA action. Carter v. Smith Food King, 765 F.2d 916, 921 (9th Cir.1985); Robinson v. DFEH, 192 Cal.App.3d 1414, 239 Cal.Rptr. 908, 909 (1987) ("Judicial review is unavailable until all administrative remedies have been exhausted, and a court violating the rule acts in excess of jurisdiction").
 
 
 14
 The remedial purpose of Title VII and the paucity of legal training among those whom it is designed to protect require charges filed before the EEOC to be construed liberally. Kaplan v. International Alliance of Theatrical Employees, 525 F.2d 1354, 1359 (9th Cir.1975); Wrighten v. Metropolitan Hosp., Inc., 726 F.2d 1346, 1352 (9th Cir.1984). This standard also applies to FEHA charges filed before the California DFEH. Carter, 765 F.2d at 924 n. 10 (citing Stearns v. Fair Employment Practice Comm'n, 6 Cal.3d 205, 214, 98 Cal.Rptr. 467, 472, 490 P.2d 1155, 1160 (1971)).
 
 
 15
 When an employee brings suit for incidents not listed in his prior EEOC charge, a federal court may hear the new Title VII claims if they are "like or reasonably related to the allegations of the EEOC charge." Brown, 732 F.2d at 729 (quoting Oubichon v. Northern Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir.1973)). But if the two claims are not so closely related that a second administrative investigation would be redundant, the EEOC must be allowed to investigate the dispute before the employee may bring a Title VII suit. Brown, 732 F.2d at 730. See also Stallcop v. Kaiser Found. Hosp., 820 F.2d 1044, 1051 (9th Cir.) (applying same principle to DFEH complaints), cert. denied, --- U.S. ----, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987).
 
 
 16
 Stache's Title VII complaint charged that the International failed to aid her when it learned of Local 20's actions.[1] But her EEOC claims were limited to charging Local 20 with specific, active acts of discrimination. The International's alleged inaction is not so closely related to Local 20's active discrimination as to render a second EEOC investigation redundant. See Brown, 732 F.2d at 730. And the International had no direct contractual relationship with Stache's employer from which Title VII liability could be imputed. Compare Kaplan, 525 F.2d at 1359. Even construing Stache's EEOC claims liberally, her charges do not encompass the International. In any event, there was no triggering mechanism by which the International was compelled to act.[2]
 
 
 17
 If a complainant neither names a defendant in her administrative charges, nor alleges facts implying that the defendant discriminated, a Title VII action against such defendant is premature at best. Bratton v. Bethlehem Steel Corp., 649 F.2d 658, 666 (9th Cir.1980). See also Kaplan, 525 F.2d at 1359 (when EEOC complaint charged sex discrimination in a referral agreement negotiated by the international, failure to name it in an EEOC charge against the local did not bar Title VII suit against the international).
 
 
 18
 In its answer to Stache's complaint, the International timely asserted Stache's noncompliance with the conditions precedent to Title VII claims. See Fed.R.Civ.P. 9(c). Compare Gibson v. Local 40, Supercargoes & Checkers of International Longshoremen's and Warehousemen's Union, 543 F.2d 1259, 1263 n. 1 (9th Cir.1976) (international waived condition precedent when it waited until second trial to assert procedural claim).
 
 
 19
 We conclude that Stache failed to meet the conditions precedent to a Title VII suit, and the International has not waived them. Nevertheless, we remain mindful of the public policy favoring liberal construction of EEOC and DFEH complaints. However, imputing Stache's administrative complaints against Local 20 to the International would offend the underlying purpose of Title VII--to encourage informal conciliation and to foster voluntary compliance. See Brown, 732 F.2d at 729. And, of course, failure to name the International in the DFEH complaint was a jurisdictional bar to a FEHA claim. See Carter, 765 F.2d at 921. We therefore reverse the judgment of the district court against the International and remand with instructions to dismiss the complaint against it.
 
 
 20
 Review of the other issues raised by the International on appeal is unnecessary because of our disposition of the jurisdiction issue.
 
 ATTORNEY FEES
 
 21
 Stache's appeal claims that the district court abused its discretion in apportioning the award of legal fees among the defendants in relation to the damages assessed by the jury. Because we hold her Title VII action against the International procedurally defective, we must also vacate that portion of the district court's award of attorney fees to Stache which was payable by the International, as to which defendant she is no longer a prevailing party. See 42 U.S.C. Sec. 2000e-5(k); United States v. Washington, 813 F.2d 1020, 1024 (9th Cir.1987). We remand to the trial court the matter of whether the allocations against Local 20 and JAC should be reconsidered in light of this opinion.
 
 
 22
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 [1]
 We decline to reach the issue of whether this conduct, by itself, violated Title VII
 
 
 [2]
 Stache also mailed a letter to the International complaining of Local 20's conduct and requesting assistance, but the International denied receiving it. Under both federal and California law, the correct addressing, posting, and mailing of a letter creates a presumption that the letter was received by the intended party. In re Carter, 511 F.2d 1203, 1204 (9th Cir.1975); J. Wigmore & P. Tillers, Wigmore on Evidence Sec. 95 n. 4. However, because Stache's letter did not include any street address, no such presumption of receipt arises. See Wagner Tractor, Inc. v. Shields, 381 F.2d 441, 446 (9th Cir.1967); Leason v. Rosart, 811 F.2d 1322, 1325 (9th Cir.1987) (when receipt of improperly addressed letter is denied, trier of fact must weigh the denial against the inference of receipt arising from proof of mailing). Therefore, as a matter of law, the district court's instruction to the jury that the International was presumed to know of the Local's acts from Stache's letter is erroneous