999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan Jose LOZADA, Plaintiff-Appellant,
v.
WATSONVILLE MUNICIPAL COURT; Santa Cruz County Personnel,
Defendants-Appellees.
 No. 93-15138.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Jose Lozada appeals pro se the district court's dismissal of his employment discrimination action arising from defendants' decision not to hire Lozada for the position of municipal court clerk. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Felton v. Unisource Corp., 940 F.2d 503, 508 (9th Cir.1991); Bouman v. Block, 940 F.2d 1211, 1218 (9th Cir.), cert. denied, 112 S.Ct. 640 (1991), and affirm.
 
 
 3
 The district court correctly held that Lozada's claim under 42 U.S.C. § 1981 was barred by California's one-year statute of limitations for personal injury actions. See Cal.Civ.Proc.Code § 340(3); Goodman v. Lukens Steel Co., 482 U.S. 656, 660-62 (1987). The district court also correctly held that Lozada's claim under the California Fair Employment and Housing Act was barred by the one-year statute of limitations applicable to that claim. See Cal.Gov't Code § 12965(b); Bouman, 940 F.2d at 1230. Finally, the district court correctly dismissed Lozada's Title VII claim because Lozada failed to file a charge with the Equal Employment Opportunity Commission first. See 42 U.S.C. § 2000e-5; Stache v. International Union of Bricklayers & Allied Craftsmen, 852 F.2d 1231, 1233 (9th Cir.1988), cert. denied, 493 U.S. 815 (1989).
 
 
 4
 Lozada's contention that he was entitled to an extra 300 days to file his action lacks merit. The 300-day period to which Lozada refers applies to the filing of complaints with the EEOC, see Bouman, 940 F.2d at 1218-19, and is irrelevant to whether Lozada timely filed his complaint in district court. In addition, there is no basis for Lozada's contention that a claim filed with the California Department of Fair Employment and Housing should be deemed also filed with the EEOC.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3