James E. SANCHEZ; Gary V. Chambers, Plaintiffs–Appellees,

v.

PACIFIC POWDER CO., a Delaware corporation; Alaska–Pacific Powder · Co., an Alaskan corporation doing business in the State of Washington; Dyno Nobel, Inc., a Delaware corporation doing business in the State of Washington, Defendants–Appellants.

Nos. 97–35050, 97–35215 and 97–35225.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 1998.

Decided June 29, 1998.

Don W. Taylor, Fristoe, Taylor & Schultz, Ltd., P.S., Olympia, WA, for defendants-appellants.

Kari Hanson, Law Office of Hugh J. McGavick, Olympia, WA, for plaintiffs-appellees.

Before: LAY,* PREGERSON, and GRABER, Circuit Judges.

GRABER, Circuit Judge:

Plaintiffs James Sanchez and Gary Chambers filed this action, claiming that they had been discriminated against because of their age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., and a similar state statute, Wash. Rev.Code §§ 49.60 and 49.44.090. A jury returned verdicts in favor of both plaintiffs. Defendants have appealed, raising two main issues of federal law: (1) whether the district court erred in refusing to dismiss the ADEA claim because of plaintiffs' alleged failure to file a charge with the Equal Employment Opportunity Commission ("EEOC") on time, and (2) whether the district court lacked jurisdiction over Alaska Pacific Powder Co. when plaintiffs' EEOC charges did not name it. We hold that (1) plaintiffs filed their EEOC charges in a timely manner, and (2) the failure to name Alaska Pacific Powder in the EEOC charges was not a jurisdictional defect. We therefore affirm.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sit-

## FACTUAL AND PROCEDURAL BACKGROUND

Because plaintiffs prevailed before the jury, we view the record in the light most favorable to them. See Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir.1992) (when considering post-trial motions challenging jury verdicts, this court determines "whether the evidence, considered as a whole and viewed in the light most favorable to the nonmoving party, reasonably can support only a verdict for the moving party.").

Plaintiffs worked for Pacific Powder Company, a wholly owned subsidiary of Dyno Nobel, Inc. Pacific Powder operated a plant that manufactured explosives. Pacific Powder fired plaintiffs on December 15, 1993, and gave them severance pay. At that time, Chambers was 56 years old, and Sanchez was 61 years old; they were the two oldest employees at Pacific Powder. Pacific Powder did not fire any other employees at that time.

Effective December 31, 1993, Dyno Nobel sold the assets of Pacific Powder to Alaska Pacific Powder. Alaska Pacific Powder is owned fifty percent by Dyno Nobel and fifty percent by Alaska Explosives Limited. After the sale of its assets, on December 31, 1993, Pacific Powder ceased all business operations. Starting on January 1, 1994, Alaska Pacific Powder began performing substantially the same work as Pacific Powder had done. Alaska Pacific Powder hired Pacific Powder's workforce, except for Sanchez and Chambers. The other employees continued their jobs without interruption.

Sanchez and Chambers filed charges of age discrimination with the Washington State Human Rights Commission ("WSHRC") on October 4, 1994. The WSHRC forwarded the charges to the EEOC, which received them on November 21, 1994.

Thereafter, plaintiffs commenced this action for discriminatory firing and discriminatory failure to hire or rehire. The district court granted partial summary judgment to defendants on the ground that plaintiffs had

ting by designation.

filed their charges with the EEOC too late. Plaintiffs moved for relief from the partial summary judgment under Fed.R.Civ.P. 60(b). The district court granted the motion for relief, concluding that it had erred as a matter of law and that plaintiffs' charges were timely.

The case proceeded to trial and, as noted, the jury returned verdicts for both plaintiffs. Defendants appeal.

## TIMELINESS OF EEOC CHARGES.

█ The district court's ruling rested entirely on its interpretation of a statute. Accordingly, our review is *de novo*. *See Waste Action Project v. Dawn Mining Corp.*, 137 F.3d 1426, 1428 (9th Cir.1998) ("Matters of statutory interpretation are ... reviewed de novo.").

The ADEA requires a person to file a charge with the EEOC before initiating a civil action for age discrimination. 29 U.S.C. § 626(d). Ordinarily, the person must file that charge within 180 days of the alleged discriminatory act. 29 U.S.C. § 626(d)(1). However, when the state where the act occurred has its own age discrimination law and its own enforcement agency-a so-called "deferral state"-the ADEA extends the time to 300 days. 29 U.S.C. § 626(d)(2); 29 U.S.C. § 633(b). Failure to file a charge within these required time limits generally prevents a person from litigating the claim.

Washington is a "deferral state." Therefore, plaintiffs had 300 days within which to file their charges with the EEOC. The 300 days started to run on December 15, 1993, when Pacific Powder fired plaintiffs. Plaintiffs filed charges with the WSHRC on October 4, 1994, within 300 days. The EEOC received those charges from the WSHRC on November 21, 1994, outside 300 days. Defendants argue that plaintiffs' charges were "filed with the EEOC," within the meaning of the ADEA, only when the EEOC physically received them.

█ When interpreting a statute, this court looks first to the words that Congress used. *Jeffries v. Wood*, 114 F.3d 1484, 1495 (9th Cir.) ("In statutory interpretation, the starting point is always the language of the statute itself."), *cert. denied*, —— U.S. ——, 118 S.Ct. 586, 139 L.Ed.2d 423 (1997). Rather than focusing just on the word or phrase at issue, this court looks to the entire statute to determine Congressional intent. *Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182, 1192-93 (9th Cir.1998) ("When 'examining the language of the governing statute,' we must not be guided by a 'single sentence ..., but look to the provisions of the whole law, and to its object and policy.' ") (citations omitted).

Although the ADEA does not define the phrase "filed with the EEOC," the ADEA does expressly authorize the EEOC to issue "such rules and regulations as it may consider necessary or appropriate for carrying out" the Act. 29 U.S.C. § 628. The ADEA also authorizes the EEOC to "appoint such agents ... as [it] deems necessary to assist [it]" and to "cooperate with ... State ... agencies." 29 U.S.C. § 625(a) and (b).[1]

Pursuant to those grants of authority, the EEOC has issued regulations that specify procedures for filing claims under the ADEA. *See* 29 C.F.R. §§ 1626 *et seq.* (providing procedures). Those regulations allow the EEOC to enter into "worksharing" agreements with state agencies, whereby the EEOC and the state agency agree to cooperate in the processing of age discrimination charges. 29 C.F.R. § 1626.10(a). The WSHRC and the EEOC have entered into such an agreement, which provides: "In order to facilitate the assertion of employment rights, the EEOC and WSHRC each designate the other as its agent for the purposes of receiving and drafting charges." Worksharing Agreement, IIA, p. 2 (1993).

█ When such a worksharing agreement is in effect, "[c]harges received by one agency under the agreement shall be deemed received by the other agency." 29 C.F.R. § 1626.10(c). Charges are "filed" when "received." 29 C.F.R. § 1626.7. Thus, under the EEOC's regulations, plaintiffs "filed" their charges within the 300-day limit.

█ Defendants acknowledge the foregoing regulations but contend that they exceed

---

1. Congress originally vested those powers in the Secretary of Labor. In 1978, the President transferred the powers to the EEOC. 44 F.R. 1053.

the EEOC's delegated authority. Where, as here, an administrative agency's regulation involves procedural issues of timeliness, this court considers whether the regulation represents a "reasonable" interpretation of the statute. *See Nealon v. California Stevedore & Ballast Co.*, 996 F.2d 966, 969 (9th Cir. 1993) ("Procedural issues of timeliness ... do not implicate ... special competence. We therefore consider the [agency's] construction of the [Act] and its supporting regulation under the less deferential *Chevron [U.S.A., Inc. v. Natural Resources Defense Council, Inc.]*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984),] standard-whether the interpretation is reasonable.").

■ The EEOC's regulation is a reasonable interpretation of the ADEA, especially in view of the Congressional grant of authority to appoint agents and to cooperate with state agencies. In *McConnell v. General Tel. Co. of Cal.*, 814 F.2d 1311, 1316 (9th Cir.1987), the court faced a similar challenge to this regulation and held that it is valid:

> Enforcement of the regulation is consistent with the idea that "[t]he ADEA is humanitarian legislation that should not be construed in a hypertechnical manner...." Use of the regulation avoids the unnecessary burden and duplication of filing separate claims with both the state and federal agencies. It also encourages reliance upon worksharing agreements, resulting in a reduction of the strain placed upon these agencies to meet the overwhelming demands for investigation.

*Id.* (citations omitted). The court stated that, "[w]hen a deferral agreement exists, the regulation regarding simultaneous filing, 29 C.F.R. § 1626.10(c), will be enforced." *Id.*

We conclude that the district court did not err when it held that plaintiffs had filed their EEOC charges on time.

## FAILURE TO NAME ALASKA PACIFIC POWDER IN THE EEOC CHARGES

Although plaintiffs' complaint in this action named Alaska Pacific Powder as a defendant, their EEOC charges had not named Alaska Pacific Powder as a respondent. Alaska Pacific Powder asserted in its answer that the claim against it should be dismissed for that reason.

■ Nonetheless, Alaska Pacific Powder did not argue the point in its post-trial motions or in its opening brief to this court, making the argument here only in its reply brief. Ordinarily, a party's failure to raise an issue in the opening brief constitutes a waiver of that issue. *See Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 979 F.2d 721, 726 (9th Cir.1992) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.") (citation omitted). That rule does not apply, however, when the issue is *jurisdictional. See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir.1992) ("The question was not addressed by the district court, but jurisdiction is open to challenge at any time.").

■ This court has not previously addressed whether the failure to name an employer in a charge filed under the ADEA is a jurisdictional defect. To resolve this question, we turn to the ADEA.

Congress added the EEOC-charge requirement to the ADEA in 1978. The 1978 amendment provides that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed." 29 U.S.C. § 626(d). It is unclear from the statutory text whether filing a charge in a particular form is a jurisdictional requirement for commencing an action, but the legislative history makes Congress' intent clear. The conference report on the 1978 amendment states that "the conferees agree that the 'charge' requirement is not a jurisdictional prerequisite to maintaining an action under the ADEA." H.R. Conf. Rep. 95–950, p. 12 (1978), U.S. Code Cong. & Admin. News at 528, 533–34; *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 395 n. 11, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (citing the conference report).

In 1991, Congress further modified the ADEA to add a provision that "[a] civil action may be brought under this section ... against the respondent *named in the charge* within 90 days after" receipt of notice that the EEOC has dismissed the charge or terminated its proceedings. 29 U.S.C. § 626(e) (emphasis added). Nothing in that provision

suggests that Congress intended the 1991 amendment to create a jurisdictional bar to initiating an action against an employer who was not named in the charge.

Indeed, the 1991 amendment to the ADEA is nearly identical to a provision in Title VII, 42 U.S.C. § 2000e–5(f)(1), which states: "within ninety days after the giving of such notice a civil action may be brought against the respondent *named in the charge.*" (Emphasis added.) This court has held that, under Title VII, the requirement that a plaintiff name a defendant in the charge is not jurisdictional, but is merely a condition precedent to filing an action, which a defendant may waive or be estopped from asserting. *Stache v. International Union of Bricklayers and Allied Craftsmen,* 852 F.2d 1231, 1233–34 (9th Cir.1988).

Applying *Stache* by analogy here would comport with the only Ninth Circuit case that addresses the effect of a procedural defect in an ADEA charge. In *Albano v. Schering-Plough Corp.* 912 F.2d 384, 387 (9th Cir. 1990), this court held that the plaintiff's failure to make a particular claim in the original EEOC charge was not a jurisdictional bar to bringing that claim as part of the later court action. Accordingly, "equitable considerations may generally apply to excuse a claimant's failure to amend his EEOC charge." *Id.*

*Dempsey v. Pacific Bell Co.,* 789 F.2d 1451 (9th Cir.1986), is not to the contrary. There, this court ruled that an action brought sooner than sixty days from the filing of a charge with the EEOC was jurisdictionally barred under 29 U.S.C. § 626(d). *Id.* at 1452–53. The court in *Dempsey* focused on the timing requirements of the ADEA, however, not on defects in the substance of the charge itself, and (as we have held) plaintiffs have satisfied the applicable timing requirements.

We conclude that the failure to name an employer in an EEOC charge under the ADEA is not a jurisdictional bar to an action against that employer. Instead, it is a condition precedent to filing an action, which is subject to waiver. That being so, we need not consider the merits of Alaska Pacific Powder's argument, which it waived.

## REMAINING ISSUES

We have considered each of defendants' additional arguments under the ADEA. Those arguments depend on the sufficiency of the evidence. We affirm the district court's rulings with respect to those arguments without further discussion, because a detailed recitation of the facts supporting the jury's verdict would not benefit the bench, the bar, or the public.

Moreover, because we affirm under the ADEA and because neither plaintiff obtained separate or additional relief under state law, we need not reach any state law questions.

 Finally, plaintiffs assert that, pursuant to Fed. R.App. P. 38, 28 U.S.C. § 1912, and 28 U.S.C. § 1927, this court should sanction defendants for filing a "frivolous" appeal. We believe that sanctions are not justified, because this appeal is not entirely without merit.

AFFIRMED.