**Robert C. HARRIS, Plaintiff–Appellant,**

v.

**MONARCH CASINO; et al.,
Defendants–Appellees.**

**No. 01–15042.**

**D.C. No. CV–00–00434–HDM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

Before HAWKINS, TASHIMA, and
GOULD, Circuit Judges.

MEMORANDUM **

Robert C. Harris appeals the district
court's judgment dismissing his Title VII

---

* Because the panel unanimously finds this case
suitable for decision without oral argument,
*see* Fed. R.App. P. 34(a)(2), Harris' request for
oral argument is denied.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

action alleging that his employer terminated his employment in retaliation for his prior successful Title VII complaint against a former employer. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996), and we affirm.

Dismissal was proper because Harris' retaliation claim pursuant to 42 U.S.C. § 2000e–3 was not "like or reasonably related" to the allegations of his prior Title VII complaint, *see Fielder v. UAL Corp.*, 218 F.3d 973, 989 (9th Cir.2000), and he was required to pursue his administrative remedies for this claim as set forth in 42 U.S.C. § 2000e–5, *see Stache v. Int'l Union of Bricklayers & Allied Craftsmen, AFL–CIO*, 852 F.2d 1231, 1233 (9th Cir. 1988). The district court also properly dismissed Harris' pendent state claim without prejudice. *See Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 651 (9th Cir.1984).

**AFFIRMED.**