**Mary F. BUCKNOR–SMARTT, Plaintiff—Appellant,**

v.

**UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA; et al., Defendants—Appellees.**

No. 01–15055.

D.C. No. CV–99–00441–ECR/PHA.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 11, 2002.*

Decided March 19, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

MEMORANDUM **

Mary F. Bucknor–Smartt appeals pro se the district court's summary judgment dismissing her Title VII and 42 U.S.C. §§ 1981, 1983, 1985 claims alleging race, age and national origin discrimination by the University and Community College System of Nevada and college officials. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Kohler v. Inter–Tel Techs.*, 244 F.3d 1167, 1171 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment on Bucknor–Smartt's Title VII claims because she failed to timely file her complaint after receiving her September 16, 1998 right-to-sue letter from the EEOC, and she failed to pursue her administrative remedies for subsequent claims as set forth in 42 U.S.C. § 2000e–5. *See Stache v. Int'l Union of Bricklayers & Allied Craftsmen, AFL–CIO*, 852 F.2d 1231, 1233 (9th Cir.1988).

Bucknor–Smartt also failed to raise a genuine issue of material fact as to whether alleged discrimination occurring after issuance of the EEOC letter was "like or reasonably related" to her prior complaint so as to invoke the "continuing violation" theory. *See Green v. Los Angeles County*

*Superintendent of Sch.*, 883 F.2d 1472, 1480–81 (9th Cir.1989).

The district court properly granted summary judgment on Bucknor–Smartt's 42 U.S.C. § 1983 claim against defendant Nielsen because Nielsen was entitled to qualified immunity. *See LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir.2000).

Bucknor–Smartt's 42 U.S.C. § 1981 claim fails for the same reason as her 42 U.S.C. § 1983 claim. *See Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir.1994).

The district court properly granted summary judgment on Bucknor–Smartt's 42 U.S.C. § 1985 claim because she failed to raise a genuine issue of material fact as to whether the defendants acted in a conspiracy to deprive her of a protected right. *See Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir.1998).

The district court properly granted summary judgment on Bucknor–Smartt's claim for monetary damages against the Regents of the University and Community College System of Nevada because those claims are barred by the Eleventh Amendment. *See Cerrato*, 26 F.3d at 972.

The district court properly granted summary judgment on Bucknor–Smartt's remaining claims because she failed to state a prima facie claim under the Age Discrimination in Employment Act for discrimination due to age, *see Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 891 (9th Cir.1994), or for discrimination due to national origin, *see Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir.1998).

Bucknor–Smartt's motion to file Supplemental Excerpts of Record is granted.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Bucknor–Smartt's motion to consolidate is denied.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.