Charlene Y.G. KAANAPU,
Plaintiff–Appellant,

v.

John POTTER,* Postmaster General
of the United States, et al.,
Defendants–Appellees.

No. 01–17556.

D.C. No. CV–00–00659–SPK.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 7, 2002.**

Decided Nov. 19, 2002.

Before SCHROEDER, Chief Judge,
ALARCÓN and FISHER, Circuit Judges.

MEMORANDUM***

Charlene Kaanapu ("Kaanapu") appeals from the order granting summary judgment in favor of William J. Henderson, Postmaster General of the United States Postal Service ("Postal Service"). We affirm because the record shows that Kaanapu failed to exhaust her administrative remedies by failing to appeal from the Postal Service's final decision to the Equal Employment Opportunity Commission ("EEOC") in a timely manner.

I

Kaanapu was a casual employee for the Postal Service at the main post office in Hawaii between November 20, 1989 and December 26, 1997. She was employed for a maximum of six months and twenty-one days during each tour of duty. At the beginning of each period of temporary employment she was informed of the proper

---

* John Potter, is substituted for his predecessor, William G. Henderson, as Postmaster General of the United States. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

procedure to follow and the time limitations involved in filing a claim of sex or age discrimination.

On December 26, 1997, Bonnie Tomooka, who supervised Kaanapu's work, informed her that she would not be rehired because she had received a negative performance evaluation. Thereafter, Kaanapu contacted Nancy Kunishige, an Equal Employment Opportunity ("EEO") counselor in January of 1998, within forty-five days of the Postal Service's refusal to rehire her, to seek relief based on her claim that she was discriminated against because of her gender and age. Ms. Kunishige informed Kaanapu that she should contact an EEO counselor on the mainland. Kaanapu contacted an EEO counselor on the mainland as directed.

In its final decision, the Postal Service rejected Kaanapu's complaint as untimely, on the basis that she sought EEO counseling on March 11, 1998. She was informed that she could appeal to the EEOC within thirty-calendar days. Kaanapu received the Postal Service's final decision on May 26, 1998. Kaanapu mailed an appeal to the EEOC. It was postmarked on October 22, 1998.

The EEOC dismissed the appeal as untimely without considering the merits of the discrimination claim. The EEOC noted that Kaanapu had failed to present any facts that would demonstrate waiver or justify equitable tolling of the thirty-day limitation on appealing a final agency decision. Kaanapu was also informed that she could file a motion for reconsideration within thirty days. Kaanapu filed a timely motion for reconsideration in which she addressed the circumstances regarding the date of her initial contact with Ms. Kunishige as being within the forty-five-day time limitation. She failed to set forth any facts to explain the apparent untimeliness of her appeal from the Postal Service's

final decision. On August 7, 2000, the EEOC denied Kaanapu's motion for reconsideration and informed her of her right to file an action in the district court within ninety days to challenge the denial of the claim that she presented to the EEOC.

II

Kaanapu filed this action in the district court on October 12, 2000 on a form apparently approved by the district court. In her complaint, Kaanapu alleged facts supporting her claim of gender and age discrimination.

She did not allege any facts regarding the date she mailed her notice of appeal to the EEOC, nor did she refer to the fact that the EEOC dismissed her appeal as untimely. In its answer to the complaint, the Postal Service alleged lack of subject matter jurisdiction as an affirmative defense.

The Postal Service filed a motion to dismiss the action or in the alternative for a summary judgment. The Postal Service requested dismissal of the action based on Kaanapu's alleged failure to comply with the requirement that she report her discrimination to an EEO counselor within forty-five days. The Postal Service did not seek dismissal on the ground that Kaanapu was not entitled to judicial review of her discrimination claim because she failed to file her notice of appeal with the EEOC within thirty days. The Postal Service also argued that summary judgment was appropriate because Kaanapu had failed to allege sufficient facts to support a judgment on her discrimination claims.

In its order granting the Postal Service's motion, the district court relied on alternative theories. First, the district court ruled that Kaanapu's complaint was barred for failure to exhaust her administrative remedies in a timely manner. The

district court based this determination on Kaanapu's alleged failure to confer with an EEO counselor within forty-five days. Alternatively, the district court concluded that Kaanapu had failed to present any evidence of age or gender discrimination.

## III

In Kaanapu's opening brief, she argues that her complaint was not time barred because the record shows that she contacted an EEO counselor within forty-five days. She also asserts that the district court lacked jurisdiction to consider the merits of her complaint if, in fact, the action was barred for failure to exhaust her administrative remedies.

In its responsive brief, the Postal Service conceded that the record shows that Kaanapu conferred with an EEO counselor within forty-five days, and therefore, the granting of its motion for a summary judgment on this basis was erroneous. The Postal Service contends that this court should affirm the district court's judgment on the ground that Kaanapu failed to file a timely notice of appeal to the EEOC. It argues that compliance with the time limits to process an appeal to the EEOC is a "jurisdictional prerequisite" to seek judicial review of the Postal Service's final agency action. Kaanapu, now represented by counsel, failed to file a reply brief to challenge the Postal Service's argument that we are required to affirm because her appeal to the EEOC was untimely.

A district court's grant of summary judgment is reviewed *de novo*. *Stanford Ranch, Inc. v. Md. Cas. Co.*, 89 F.3d 618, 624 (9th Cir.1996) (citation omitted). A decision of an administrative agency will be set aside only if the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or if the action failed to meet statutory, procedural, or constitutional requirements."

*Nev. Land Action Ass'n v. United States Forest Serv.*, 8 F.3d 713, 716 (9th Cir.1993) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 414, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971) (quoting 5 U.S.C. § 706(2))).

Federal regulations expressly require all federal employees to pursue their discrimination complaints within the Equal Employment Opportunity office of the federal agency that allegedly discriminated against them prior to filing in district court. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) (holding that "[i]nitially, the complainant must seek relief in the agency that has allegedly discriminated against him."); *see also* 29 C.F.R. § 1614.105(a)(1) ("An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory. . . ."). Thereafter, a complainant may elect to pursue a suit in district court or to continue agency review of the complaint. *See* 42 U.S.C. § 2000e–5; 29 C.F.R. §§ 1614.105, .407. Here Kaanapu elected to seek review of the Postal Service's final decision by the EEOC rather than filing an action in the district court.

An action to challenge the Postal Service's final decision is within the subject-matter jurisdiction of the district court, if a complainant files it:

(a) [w]ithin 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed [with the EEOC];

(b) [a]fter 180 days from the date of filing an individual or class complaint if an appeal has not been filed and a final action has not been taken;

(c) [w]ithin 90 days of receipt of the Commission's final decision on an appeal; or

(d) [a]fter 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407.

An employee who elects to file an appeal with the EEOC must do so within thirty days of the receipt of the final agency decision. 29 C.F.R. 1614.402(a). Although the Postal Service raises the issue of the untimeliness of Kaanapu's appeal to the EEOC for the first time in this appeal, we may consider it. A timely appeal to the EEOC from the Postal Service's final agency decision is a "condition precedent [to the filing of an action] which a defendant may waive or be estopped from asserting." *Vinieratos v. United States,* 939 F.2d 762, 768 n. 5 (9th Cir.1991). *Compare Sommatino v. United States,* 255 F.3d 704, 708 (9th Cir.2001) (holding that "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite").

The EEOC has been granted authority to review federal-sector employment discrimination claims. 42 U.S.C. § 2000e–16; *Sommatino,* 255 F.3d at 708 (Title VII); *Sanchez v. Pacific Powder Co.,* 147 F.3d 1097, 1099 (9th cir.1998) (ADEA); 29 C.F.R. § 1614. Because Kaanapu elected to seek initial review of the Postal Service's final agency decision by the EEOC, rather than by a district court, her equal employment discrimination claim must comply with EEOC procedural requirements.

It is undisputed that Kaanapu's notice of appeal to the EEOC from the Postal Service's final agency decision was postmarked October 22, 1998, 120 days after the expiration of the thirty-day time limit imposed under 29 C.F.R. § 1614.402. Federal regulations governing EEO complaints state that "[a] document shall be deemed timely if it is received *or postmarked* before the expiration of the applicable filing period, or, in the absence of a legible postmark, if it is received by mail within five days of the expiration of the applicable filing period." 29 C.F.R. § 1614.604(b) (emphasis added). To withstand a motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact in dispute. Fed.R.Civ.P. 56(e). Kaanapu failed to allege any facts in her complaint indicating that she complied with the thirty-day time period.

The Postal Service put Kaanapu on notice of the statutory time limit for an appeal to the EEOC in the notice-of-appeal forms attached to the final agency's decision. Kaanapu has failed to dispute the presumptive reliability of the postmark, nor did she allege any facts justifying equitable tolling. We may affirm the district court's finding on any legal basis contained in the record, even if the lower court erred in its reasoning. *Bibeau v. Pac. Northwest Research Found. Inc.,* 188 F.3d 1105, 1111 n. 5 (9th Cir.2001) (citing *Blunk v. Ariz. Dep't. of Transp.,* 177 F.3d 879, 881 (9th Cir.1999)).

We affirm the decision of the district court because Kaanapu failed to exhaust her administrative appeal to the EEOC in a timely manner.[1]

AFFIRMED.

---

1. Having determined that Kaanapu failed to satisfy the prerequisites to file this action in the district court, we agree with Kaanapu that the district court lacked the power to consider

the merits of her gender and age discrimination claims.

