UNITED STATES of America,
Plaintiff—Appellee,

v.

Theodore BOLLINGER; James Andrew Davis; Ralph Calvo, Defendants,

and

Hellmut Laue, Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Theodore Bollinger, Defendant—Appellant,

and

James Andrew Davis; Ralph Calvo; Hellmut Laue, Defendants.

United States of America,
Plaintiff—Appellee,

v.

Theodore Bollinger; James Andrew Davis; Hellmut Laue,
Defendants,

and

Ralph CALVO, Defendant—Appellant.

Nos. 02–17253, 02–17276, 02–17422.
D.C. No. CV–98–05400–REC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 2004.

Decided Nov. 23, 2004.

Linda C. Anderson, Esq., USF–Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Beau Sterling, Esq., Beckley Singleton, Las Vegas, NV, Defendant–Appellant.

Hellmut Laue, Valley Center, CA, pro se.

Theodore Bollinger, Coulterville, CA, pro se.

James Andrew Davis, Mariposa, CA, pro se.

Ralph Calvo, Mariposa, CA, pro se.

Before BEEZER, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM *

Defendants Hellmut Laue, Theodore Bollinger, and Ralph Calvo ("defendants") appeal the district court's grants of summary judgment in favor of the government in actions for ejectment brought by the Bureau of Land Management ("BLM"). The district court determined that there was no material issue of fact regarding defendants' bad faith occupancy of a mill site located on federal land managed by the BLM. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the summary judgments entered by the district court.

### I

The district court acted within its discretion when it declined to instruct de-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fendants on the proper form for affidavits or declarations, and when it declined to give defendants the opportunity to correct deficiencies in their submissions in opposition to the government's motions for summary judgment. The district court has no "obligation to give notice of Rule 56's evidentiary standards" to *"pro se* litigants in the ordinary civil case." *Jacobsen v. Filler,* 790 F.2d 1362, 1365, 1364 (9th Cir. 1986).

## II

■ The district court acted within its discretion when it denied defendants Bollinger and Calvo's third and final request for an extension of time. The district court gave these defendants an additional 74 days beyond the time normally allowed in which to prepare a proper response. The court twice warned defendants Bollinger and Calvo that further requests for extensions of time would not be considered.

## III

■ "[T]he United States may evict mill site claimants if the use of the mill site is only nominal and in bad faith or if 'improvements or other indications of occupancy do not indicate a good faith intent to develop a mining operation.'" *United States v. Bagwell,* 961 F.2d 1450, 1455 (9th Cir.1992).

Defendants Laue and Bollinger fail to raise an issue of material fact as to whether they occupied the mill site in good faith under the first element of the test articulated in *United States v. Bagwell,* which is the extent to which the mill site is being used for non-mining purposes. 961 F.2d at 1455. Specifically, there is no issue of material fact as to the following factors: (1) the mill site is being used by Bollinger as a residence and by Bollinger and Laue as a rent free storage yard for their personal property; (2) the land is valuable to Bollinger and Laue for those purposes; (3) neither Bollinger nor Laue is currently processing a significant amount of ore on the mill site, and has not done so for many years; and (4) Bollinger and Laue have used the mill site for non-milling purposes for significant periods of time. In light of these factors, Bollinger's improvements to the site and Laue's talks with potential investors are insufficient to raise a material issue of fact as to whether Bollinger and Laue's occupancy of the mill site was in good faith.

We hold that Bollinger and Laue's occupancy of the mill site was in bad faith. We affirm the district court's grant of summary judgment in favor of the United States and against Bollinger and Laue on this ground.

## IV

■ Although Calvo has raised a genuine issue of material fact regarding the extent of his milling activities, we affirm the grants of summary judgment as to him because it is undisputed that he neither sought nor received approvals from the BLM as required by the relevant regulations. 43 C.F.R. § 3715.1; *see also* 43 C.F.R. § 3715.4. A mill site claimant's failure to comply with the applicable regulations invalidates the claimant's possessory rights in a mill site. *See United States v. Shumway,* 199 F.3d 1093, 1103 (9th Cir. 1999); *United States v. Brunskill,* 792 F.2d 938, 941 (9th Cir.1986).

## V

We remand the claims in parts III and IV to the district court with directions to enter a detailed order specifying the terms and conditions under which: 1) defendants can continue to mine the site; 2) defendants are prohibited from residing on the

site except while complying with BLM regulations; and 3) defendants' personal property must be removed from the land. On remand, the district court shall retain jurisdiction to enter such supplemental orders as may be necessary to effect the removal of defendants and their property from the site, consistent with the terms of the district court's detailed order.

## VI

■ Bollinger and Laue argue that the district court improperly relied on its earlier decision in *United States v. Laue*, No. CV–F–94–5970 (*"Laue I"*) in dismissing some of their counterclaims based upon res judicata. We review a dismissal for failure to state a claim pursuant to Rule 12(b)(6) de novo. *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir.2003).

Because there are unchallenged independent grounds to support the dismissals of Bollinger's first counterclaim and Laue's fifth counterclaim, we affirm the district court's dismissal of those counterclaims. *See Sanchez v. Pacific Powder Co.*, 147 F.3d 1097, 1100 (9th Cir.1998) (noting that "[o]rdinarily, a party's failure to raise an issue in the opening brief constitutes a waiver of that issue").

Under the doctrine of res judicata, the district court's earlier dismissal of identical claims in *Laue I* precludes Laue's third counterclaim and the claim in his eighth cause of action that the government is trying to take away his mining claims and mill site "without due process of law that requires them to pay just compensation." *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir.1980). We affirm the district court's dismissal of those claims.

We affirm the district court's dismissal of the remaining claims in Laue's eighth cause of action. Laue neither alleges that he has ever filed for a patent or permit to

live and operate on the land nor contends that the government has denied his patent application or permit.

## VI

We deny Billy Quealy's motion to intervene filed on September 20, 2004.

AFFIRMED and REMANDED.