**Glenn HENDERSON, Plaintiff–Appellant,**

v.

**SONY PICTURES ENTERTAINMENT, INC.; et al., Defendants–Appellees.**

No. 05–56081.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 1, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Glenn Henderson, Fayetteville, NC, pro se.

Holly R. Lake, Esquire, Paul Hastings Janofsky & Walker LLP, Hardy R. Murphy, Esquire, Reed Smith, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Glenn Henderson appeals pro se from the district court's order dismissing his action alleging Title VII and state law causes of action arising from termination of his employment with defendant Sony Pictures Entertainment ("SPE") in 2001. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim. *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999). We review for an

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

abuse of discretion the district court's dismissal of duplicative claims, *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir.2007), and the district court's decision not to exercise supplemental jurisdiction over state law claims, *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir. 2001). We affirm.

 The district court properly dismissed with prejudice Henderson's Title VII that arose during his employment with SPE because those claims are barred by the terms of a settlement agreement signed by Henderson and SPE in 2002 to resolve a prior action. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 848 (9th Cir.2004). Henderson failed to establish that the settlement agreement was procured by fraud, duress, or any other reason that would render it invalid. *See Morta v. Korea Ins. Corp.*, 840 F.2d 1452, 1456–57 (9th Cir.1988) (upholding settlement agreement where record showed no legally sufficient reason to rescind it).

 The district court did not abuse its discretion when it dismissed with prejudice Henderson's Title VII claims that arose after the settlement agreement was signed because Henderson litigated those claims in an action filed in 2003 ("2003 Action"). Henderson's appeal of the 2003 Action was pending in the Ninth Circuit when the district court dismissed this case. *See Adams*, 487 F.3d at 688 (stating that the district court did not abuse its discretion by dismissing a duplicative action).

 The district court properly dismissed without prejudice Henderson's Title VII claims that are based on allegations unrelated to the 2003 Action because he had not exhausted his administrative remedies. *See Stache v. Int'l Union of Bricklayers & Allied Craftsmen, AFL–CIO*, 852 F.2d 1231, 1233 (9th Cir.1988).

 The district court properly dismissed with prejudice Henderson's Title VII claims against Mellon Bank because he failed to allege that he was a direct or indirect employee of Mellon Bank. *See* 42 U.S.C. § 2000e–2. Henderson's argument that Mellon Bank was his indirect employer, which he raises for the first time on appeal, is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).

The district court did not abuse its discretion by dismissing Henderson's state claims without prejudice. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir.2001) (stating that when a district court dismisses on the merits a federal claim over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining state claims).

Henderson's remaining contentions are unpersuasive.

**AFFIRMED.**