Michael MADIGAN, Plaintiff–Appellant,

v.

Bruce BABBITT; United States Department of the Interior, Defendants–Appellees.

No. 01–16083.

D.C. No. CV–99–00087–PMP (RJJ).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2002.

Decided July 15, 2002.

---

58

Before LAY,* THOMPSON and TALLMAN, Circuit Judges.

MEMORANDUM **

Michael Madigan worked as a hydraulic engineer for the Department of the Interior. In 1995, he entered into a Voluntary Separation Incentive Pay (VSIP)[1] contract with the United States Department of the Interior, Bureau of Reclamation, whereby he would receive a lump sum cash payment of $6,000 in return for resigning on March 31, 1997. In February of 1997, Madigan contacted a supervisor and registered an informal Equal Employment Opportunity (EEO) complaint alleging he was being harassed by co-workers. Thereafter, Madigan submitted written notice of his request to withdraw from his VSIP contract. Madigan later filed a formal EEO complaint alleging sexual discrimination.

Before his complaint was decided by the EEOC, Madigan filed a complaint against the Secretary of the Department of the Interior and "Does I through X" in which he alleged: (1) sexual harassment, (2) retaliation, (3) wrongful termination, and (4) state discrimination. The Secretary filed a summary judgment motion as to all claims alleged in the complaint. The district court dismissed all the "Doe" defendants and granted the Secretary's motion as to the third and fourth claims.

The two remaining claims, sexual harassment and retaliation, were tried to a

jury. The jury returned a verdict for the Secretary on the sexual harassment claim, but found for Madigan on the retaliation claim in the amount of $27,500. The district court, after a hearing, granted the Secretary's motion for judgment as a matter of law on the retaliation claim. Madigan appeals the district court's ruling on the retaliation claim.

On appeal, Madigan alleges the district court improperly held that he failed to exhaust his administrative remedies and that there was sufficient evidence presented at trial for the jury to find for the plaintiff on the retaliation claim. The court reviews de novo the district court's decision. *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994).

The scope of a civil action alleging employment discrimination is limited by the charge filed with the EEOC. *Albano v. Schering–Plough Corp.*, 912 F.2d 384, 386 (9th Cir.1990). The failure to administratively allege a discrimination claim bars that claim. *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The Code of Federal Regulation requires the claim to be raised administratively within forty-five days of the alleged retaliatory event. 29 C.F.R. § 1614.105(a)(1) (2001).

Madigan was informed on March 7, 1997, of the denial of his request to withdraw from his VSIP contract. Madigan had earlier informally contacted the EEO office concerning his complaints of hostile work environment and sexual discrimination. Madigan, in making his formal complaint fourteen days after the denial of his

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. VSIP is aimed at reducing the federal workforce by encouraging employees to leave federal service.

request for withdrawal, pursued the same two claims. Moreover, he neither checked the "reprisal" block on the EEO charging document nor made mention of the failure to grant his request to withdraw from the VSIP contract when stating the grounds upon which he was discriminated against. It is clear from the record that Madigan did not comply with the forty-five day requirement of 29 C.F.R. § 1614.105.

Despite this failure, non-listed claims may be asserted in a civil action if they are "like or reasonably related to" the listed EEOC charges. *Albano,* 912 F.2d at 386 (quotation omitted). In deciding whether a reasonable relationship exists, the court must determine "whether the original EEOC investigation would have encompassed the additional charges." *Green v. Los Angeles County Superintendent of Sch.,* 883 F.2d 1472, 1480–81 (9th Cir.1989) (quotation omitted); *see also Harper v. Godfrey Co.,* 45 F.3d 143, 148 (7th Cir. 1995) ("The claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals.*") (quotation omitted).

Madigan's EEO charge for hostile work environment and sexual discrimination involve neither the same facts nor same individuals as the retaliation claim. The EEO charges involve rumors passed around the workplace concerning a former relationship between Madigan and a co-worker. The retaliation claim, on the other hand, centers on the allegation that department managers wrongly prevented Madigan from withdrawing his resignation.

In conclusion, Madigan's failure to file an administrative claim for reprisal bars the claim and precludes this court from examining the district court's decision overturning the jury's verdict on the merits.

AFFIRMED.